[No. 7794.   Decided June 3, 1909.]

THE STATE OF WASHINGTON, *on the Relation of D. E. Lyon et al., Appellants,* v. POLICE COURT OF THE CITY OF HOQUIAM *et al., Respondents.*[1]

PROHIBITION—TO COURTS—RESTRAINING PROSECUTION.  Prohibition does not lie to a police judge to prevent the trial of a criminal charge upon the grounds of error in refusing a change of venue and the unconstitutionality of the law sought to be enforced; as there is a plain, adequate, and speedy remedy by appeal or writ of review.

Appeal from an order of the superior court for Chehalis county, Irwin, J,. entered August 11, 1908, denying a writ of prohibition to restrain a prosecution for the violation of a city ordinance, after a trial on the merits before the court.  Affirmed.

*W. H. Abel,* for appellants.

*Sidney Moor Heath,* for respondents.

FULLERTON, J.—On August 8, 1908, the appellants applied to the superior court of Chehalis county for a writ of prohibition, averring that they had been charged with the offense of violating an ordinance of the city of Hoquiam, a city of the second class, and had been brought before one Seth Warren, police judge of that city, for trial; that the ordinance which they were accused of violating was unconstitutional and void and too uncertain in its terms to be en-

[1]Reported in 101 Pac. 1082.

forced; that when they were brought before the police judge they entered a plea of not guilty to the offense charged, and moved the court for a change of venue, on the ground of actual bias against them on the part of the police judge; that the police judge wrongfully and unlawfully refused to grant a change of venue, and wrongfully and unlawfully insisted on the immediate trial of the offense charged, setting the cause down for trial for August 8, 1908, at 10 o'clock a. m.; that they could not have an impartial trial before the police judge, and that the police judge had theretofore taken the position that the relators were not entitled to a fair trial, and would wrongfully and arbitrarily try the cause unless prohibited by the court. A copy of the affidavit filed before the police judge for a change of venue was attached to the application.

An alternative writ was issued returnable on August 11, 1908, at which time the court discharged the writ on the ground that the appellants had no right to a change of venue, and had a right of appeal from any judgment the police judge might enter against them. From this order, the present appeal was taken.

We think the court rightly refused to grant the writ on the second ground stated. The writ of prohibition under the statute lies to an inferior court only when that court is acting without or in excess of its jurisdiction, and there is no plain, speedy, or adequate remedy in the ordinary course of law from the decisions it renders or may render. It does not lie merely because the court decides erroneously, or acts without or in excess of its jurisdiction; but there must be no other remedy either by appeal or writ of review from its decision before the writ will lie. Here there is no question that the relators have a speedy and adequate remedy in the ordinary course of law from any judgment the police court may enter against them. The statute relating to appeals and to writs of review are ample to secure a review in the higher tribunals of any judgment of an inferior court whose

judgment may be reviewed under the restrictions imposed by the constitution.

The court feels also that it is necessary to enforce this rule with strictness. If a party may, on a trial before a police judge, have a writ of prohibition on the theory that the court is acting without or in excess of jurisdiction, every time that court rules against his contention, trials in such courts will become a farce, and there will be no such thing as punishment for petty offenses. Suppose for example, that we entertained the present writ, determined the questions suggested on their merits against the appellants, and sent the case back for further proceedings, is there any reason why they might not sue out another writ, based on a contention similar to the one they are invoking now, on the first ruling that court makes in the case which disagrees with their ideas of their rights in the matter? And if this be possible, why may not a third or fourth or a fifth writ be sued out before the trial reaches its end? But such a practice would be intolerable. It is the policy of the law, and the practice should be so regulated, that a person accused of crime before an inferior court shall have a continuous trial interrupted only by the necessary adjournments; and when judgment is pronounced in the case, if it be against him, one review of the judgment, in which all the questions that arose in the trial and which he believes were erroneously decided to his prejudice, can be examined by the appellate tribunals for error. As we said in *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395:

"As a general rule, the legislature of this state has deemed an appeal from the final judgment an adequate remedy for the correction of all errors committed in the course of a trial, and, ordinarily, an erroneous ruling on a question of jurisdiction is no exception to this general rule. Had the court below ruled that the complaint stated a cause of action, or denied a motion to quash the summons, or the service thereof, it would be just as important to the relators, and

just as desirable from their standpoint, to obtain a ruling from this court on these questions, in advance of the hearing on the merits, as in the case at bar; yet, all will concede that such questions can only be reviewed on an appeal from the final judgment. . . .

"It is the general policy of our law that cases shall come to this court but once, and that the decision of this court shall be based on the merits of the entire controversy. · The question here presented is no exception to this rule. . . . We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction."

See, also, *State ex rel. McCalley v. Superior Court*, 51 Wash. 572, 99 Pac. 740.

The order appealed from will be affirmed.

RUDKIN, C. J., CHADWICK, PARKER, DUNBAR, MOUNT, CROW, and GOSE, JJ., concur.