[No. 33344. Department One. December 15, 1955.]

NICHOLAS BERMAN, *Appellant*, v. DELLA URQUHART, *as State Director of Licenses, Respondent.*[1]

*Curtis & Goldberg*, for appellant.

[1]Reported in 291 P. (2d) 655.

*The Attorney General* and *Roy C. Fox, Assistant,* for respondent.

FINLEY, J.—Dr. Nicholas Berman, the appellant, a physician licensed to practice medicine and surgery in the state of California, applied for a license to practice his profession in the state of Washington in conformity with our reciprocity act, Laws of 1919, chapter 134, § 11, p. 380 [*cf.* RCW 18.71.090]. The director of licenses denied the application because the appellant was graduated from a medical school which is not listed as one of the medical schools accredited and approved by the Association of American Medical Colleges and the American Medical Association.

Dr. Nicholas Berman appealed to the superior court for Thurston county. The respondent, the director of licenses, demurred on the ground that no cause of action was stated in the record on appeal. The trial court sustained the demurrer and dismissed the appeal. Thereupon, Dr. Berman instituted the instant appeal. The facts of the case are stipulated, and only questions of law are before us.

The respondent moved in this court that the instant appeal be dismissed on the ground that this court has no jurisdiction. Briefs have been submitted, and the motion has been argued. This opinion is concerned only with the motion to dismiss. We express herein no views as to the merits of the case.

The applicable statute, Laws of 1921, chapter 7, § 106, p. 57 [*cf.* RCW 43.24.120], reads as follows:

"Any person feeling himself aggrieved by the refusal of the director of licenses to issue any license provided for in this act, or to renew the same, or by the revocation or suspension of any license issued under the provisions of this act or any law being administered under this act, shall have a right of appeal from the decision of the director of licenses to the superior court of Thurston county, which appeal shall be taken, prosecuted, heard, and determined, as near as may be, in the manner provided by law for taking, prosecuting, hearing, and determining appeals from justices' courts to superior courts. No *appeal shall lie* from the decision of the superior court of Thurston county on such

appeals from the director of licenses, *but such decisions may be reviewed as to matters of law by the supreme court* upon *writs of review* sued out in the manner provided by law." (Italics ours.)

It is the contention of respondent that appellant has chosen the wrong remedy; in other words, that he is attempting to have the action of the trial court reviewed by direct appeal, instead of petitioning for review through a writ of certiorari, and that, thus, under the circumstances, this court has not acquired jurisdiction of the matter.

 A reading and a proper understanding of the italicized part of the above statute indicates that the respondent, the director of licenses, is correct in her view respecting the type of remedy contemplated by the particular statutory provision. This is for the reason that, under our statutes (Laws of 1895, chapter 65, § 3, p. 115 [*cf.* RCW 7.16-.030]), the terms *certiorari* and *writ of review* are regarded as interchangeable.

The appellant argues that the name ascribed to the contemplated remedy is not controlling; that the legislature clearly intended to permit a remedy by way of review. Appellant cites *North Bend Stage Line v. Department of Public Works*, 170 Wash. 217, 16 P. (2d) 206, where this court had to construe a statute providing for a remedy by *writ of review.* In the *North Bend* case, *supra*, the court, in construing the entire statute there involved, made it clear that the remedy was mandatory, not discretionary, and further said that substance, not name, controlled, and that the legislature contemplated a remedy by "writ of error," although the words, "writ of review" had been used in the statute.

This reasoning is not applicable to the case at bar. The pertinent language of chapter 7, Laws of 1921, *supra*, reads:

" . . . but such decisions *may be reviewed* as to matters of law by the supreme court *upon writs of review sued out in the manner provided by law.*" (Italics ours.)

The appellant has not followed the statute. In seeking appellate review of the matter here involved, he has chosen

the wrong remedy. The motion to dismiss the appeal should be granted. It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.

January 27, 1956. Petition for rehearing denied.