[No. 34130. Department One. March 6, 1958.]

THE STATE OF WASHINGTON, *Appellant*, v. ROGER D. BUCKMAN, *Respondent*.[1]

*Charles O. Carroll and T. Patrick Corbett*, for appellant.

*Maurice Kadish*, for respondent.

FINLEY, J.—On January 15, 1956, a member of the King county sheriff's auxiliary followed the defendant along state highway 2-A, through the town of Juanita, and south into the city of Kirkland. The officer stopped the defendant in Kirkland and arrested him for reckless driving and for driving while under the influence of intoxicating liquor.

Charges were filed against the defendant with a justice

[1] Reported in 322 P. (2d) 881.

of the peace in Houghton, which is south of Kirkland on state highway 2-A. Prior to the commencement of trial before the Houghton justice of the peace, the defendant filed an affidavit for a change of venue to the nearest justice of the peace. The proceedings were transferred to the court of a justice of the peace in the city of Seattle.

The defendant appeared with his counsel before the Seattle justice of the peace. No objection was raised as to the jurisdiction of the court. The defendant pleaded "not guilty." After trial on the merits, he was found guilty of driving while being under the influence of intoxicating liquor. The defendant appealed the judgment to the superior court for King county.

Once again, the defendant appeared in person and with counsel. During the trial in the superior court, the issue of the jurisdiction of the justice of the peace was raised. The defendant moved for dismissal on the ground of lack of jurisdiction. The superior court judge granted the motion and dismissed the action. The state has appealed.

Respondent's first contention is that the state has no right to appeal this case. However, Rule on Appeal 14(8), 34A Wn. (2d) 20, 21, grants the state a right of appeal:

". . . when the error complained of is based on the following: . . . (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by an acquittal of the defendant by a jury: . . ."

■ A dismissal of the action for lack of jurisdiction is a discontinuance of the action "otherwise than by an acquittal of the defendant by a jury." Accordingly, by the express terms of our rules on appeal, the state has a right of appeal. See *State v. Miller* (1914), 82 Wash. 477, 144 Pac. 693.

We turn briefly to the question of jurisdiction raised by the respondent. In essence, his contention is that RCW 3.20.120, being a later enactment, superseded RCW 46.52-.100, or repealed the statute by implication.

RCW 3.20.120 provides:

"In a class A county no justice of the peace shall have

jurisdiction to receive a complaint or to issue a warrant for any criminal offense committed outside the boundaries of his precinct, or to issue a search warrant for the seizure of property located outside his precinct *unless the same shall be approved in writing by the prosecuting attorney of such class A county*." (Italics ours.)

RCW 46.52.100, in part, reads as follows:

"Venue in all justice courts shall be before one of the two nearest justices of the peace in incorporated cities and towns nearest to the point the violation allegedly occurred: *Provided,* That in counties of class A and of the first class such cases may be tried in the county seat at the request of the defendant."

Houghton, Kirkland, and Seattle are in King county, and it appears that there was no proof that the transferral of the case to Seattle had been approved in writing by the prosecuting attorney pursuant to RCW 3.20.120 quoted above. Respondent apparently believes that RCW 3.20.120 is still applicable to King county. This overlooks the fact that as a result of Laws of 1953, chapter 22, § 1, pages 25-26, King county is a Class AA county. Our disposition of this appeal makes it unnecessary for us to decide whether RCW 3.20.120 is applicable to Class AA counties. The legislature could very well give some attention to the question involved.

■ ■ Apparently on the basis of the foregoing, respondent contends that the Seattle justice of the peace was without jurisdiction to try the case. His contention is of no avail *under the circumstances involved in the instant case.* The justice court and the superior court had concurrent jurisdiction of the offenses involved. Upon appeal from the justice court to the superior court, the proceedings were *de novo* in the latter court, as if originally commenced therein. *State v. Bringgold* (1905), 40 Wash. 12, 82 Pac. 132; *State ex rel. Getman v. Webster* (1938), 193 Wash. 265, 75 P. (2d) 124.

■ It is not necessary for us to pass upon the jurisdictional issue raised by respondent. The transfer of the case to the superior court by means of an appeal was sufficient

for that court to proceed. *Moore v. Perrott* (1891), 2 Wash. 1, 25 Pac. 906. The respondent was properly before the superior court. It had jurisdiction to try him for the offenses charged.

The motion for dismissal should not have been granted. The judgment is reversed. The case is remanded with directions to proceed with the trial.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.