[Nos. 35935, 35936. *En Banc.* October 26, 1961.]

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND M. MILLER, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND M. MILLER, *Appellant.*[*]

*Jack Steinberg,* for appellant.

*Charles O. Carroll, Victor V. Hoff,* and *Richard M. Foreman,* for respondent.

[*]Reported in 365 P. (2d) 612.

PER CURIAM.—The defendant appealed several convictions for traffic violations in justice courts to the superior court. There he was twice convicted in trials *de novo*. He now appeals to this court.

His two appeals have been consolidated by order of the Chief Justice because ". . . the issues raised on the appeals are substantially similar, . . ."

In the typical case chosen to point up the issues raised in these appeals, the appellant was issued an arrest citation for a traffic offense on state secondary highway 5D at 334th Street, in Seattle, Washington, on August 21, 1960. The citation required him to appear before the justice of the peace of Hestia precinct located at 12650 First Avenue, South, Seattle, Washington.

The citation issued by the traffic officer violated the requirement of RCW 3.20.131, which provides that the action shall be brought before either of the nearest two justices of the peace. There are five justices of the peace nearer than the one wrongfully chosen. For this reason, the appellant had a right to a change of venue. Had he moved for one, the justice of the peace of Hestia precinct would have been constrained to grant it, and the appellant could have invoked the coercive powers of the superior court, if he refused. *State ex rel. Clark v. Hogan,* 49 Wn. (2d) 457, 303 P. (2d) 290.

Sixty-eight days after the citation, appellant appeared pursuant to it before the justice of the peace of Hestia precinct. A dismissal appeared more desirable to the appellant than a change of venue. Accordingly, he attacked only the *jurisdiction* of the jusice court. He attempted to appear specially. His motion for a dismissal was put upon the ground that the justice court was without jurisdiction. He refused to plead to the charge and stood mute. He was convicted and appealed to the superior court, but not for a trial *de novo*. He still sought a dismissal upon the basis of the record in the justice court. His motion to vacate the judgment and dismiss the action was denied. He was convicted in a trial *de novo*.

Upon appeal to this court, he contends that superior court jurisdiction is derivative, and that because the justice court had no jurisdiction the superior court could not try him *de novo*. He seeks a dismissal of the action in this court, not a new trial.

Appellant's theory of jurisdiction as to both the justice and superior courts has been heretofore decided against him in this state. The *venue* of the justice court was subject to challenge, but it did have jurisdiction of the action. Moreover, in a court of competent jurisdiction, the question of venue is waived if it is not challenged. *State v. Hardamon*, 29 Wn. (2d) 182, 186 P. (2d) 634. A defendant has an independent action in the superior court to require conformance to the law in procedural matters in the justice court. When, however, the jurisdiction of the superior court is invoked by an appeal from a conviction in the justice court, the superior court does not review the action of the justice court because it is not a court of record. Such an appeal invokes a trial *de novo*. *State v. Buckman*, 51 Wn. (2d) 827, 322 P. (2d) 881.

The judgments in causes No. 35935 and 35936 are affirmed.