[No. 37830.   Department Two.   December 2, 1965.]

THE CITY OF SEATTLE, *Appellant,* v. LEROY C. BUERKMAN, *Respondent.**

*A. L. Newbould, John P. Harris,* and *William L. Parker,* for appellant.

*John F. Dore,* for respondent.

KELLY, J.†—On January 23, 1964, Leroy C. Buerkman was convicted in the Municipal Court of Seattle, King County, for allegedly operating a motor vehicle while under

*Reported in 408 P.2d 258.

†Judge Kelly is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the influence of or affected by the use of intoxicating liquor, and of negligent driving, in violation of the stated ordinances of the City of Seattle. He received sentences totaling $300 in fines and 90 days in jail.

Defendant's case had been called for trial about 2:30 p. m. on January 23, 1964, in traffic court. At that time, his previously retained counsel was not present, being in trial in the King County Superior Court. The municipal judge was so advised, but refused a continuance until defendant's counsel could be free, but did pass the case to the end of his own calendar. The court was again advised by defendant that his counsel was still tied up in superior court; nevertheless, the court required defendant to stand trial without counsel, with the result indicated. When the court pronounced his judgment and sentence, the defendant, not versed in the requirements of law and procedure (he is a longshoreman by occupation), announced orally in open court that he "appealed." The traffic judge noted the "appeal" on his docket, fixed an appeal bond of $750, which defendant furnished, and also had the defendant sign an acknowledgment of a trial date in the superior court, which date was fixed by the traffic court judge, pursuant to the practice of the superior court. The municipal court's transcript was filed in superior court the following day. Promptly and within the 10 days allowed by statute, defendant's counsel, having in the meantime been relieved from his superior court duties, filed motions in the municipal court for a new trial and arrest of judgment. These apparently were never disposed of.

When the matter came on for hearing in superior court, the city objected to the judge's hearing the appeal de novo and moved for a dismissal because the notice of appeal was not in writing as required by law. Defendant asked for a dismissal because of the alleged violation of his constitutional rights or for a remand for trial with counsel present.

The superior court judge, after granting the parties a full hearing on what happened in municipal court, not on the merits of the charges, however, and after receiving briefs,

took the matter under advisement and thereafter signed an order containing the following provisions:

IT IS ORDERED, AJUDGED AND DECREED as follows:

. . . .

2. The City's motion to dismiss and remand to the Municipal Traffic Court for imposition of sentence is denied.

. . . .

5. That the case be remanded to Municipal Traffic Court for a new trial with the defendant's counsel present. If said trial is not conducted within ten days of the signing of this order, the charges against the defendant will be dismissed.

DONE IN OPEN COURT this 21 day of July, 1964.

The city appealed from the court's ruling and particularly from the quoted paragraph thereof.

■ The defendant's appeal from the municipal court to the superior court was ineffective, however, as an "appeal." Notice of appeal must be given in writing. *State v. Ladiges*, 63 Wn.2d 230, 386 P.2d 416 (1963). This was not done. The superior court, therefore, was without jurisdiction to consider the so-called appeal and grant a trial de novo, which is the procedure that follows an "appeal," properly perfected. *State v. Miller*, 59 Wn.2d 27, 365 P.2d 612 (1961); *State v. Buckman*, 51 Wn.2d 827, 322 P.2d 881 (1958), and cases cited therein. The law governing procedure in cases of this type is Rule 6.01, *et seq.*, J Crim. R, RCW vol. 0, pertinent parts of which we quote:

Rule 6.01:

Appeals shall be to the superior court of the county in which the court of limited jurisdiction is located. . . . The appeal shall be taken by serving a copy of a *written notice of appeal* upon the attorney for the party in whose favor judgment was entered and by filing the original thereof with acknowledgment or affidavit of service thereof with the court in which the case was tried within 10 days after entry of judgment. If a motion for a new trial or for the arrest of judgment has been timely made, such notice and proof of service may be filed within 10 days after entry of the order denying the motion.

After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within 30 days from the day of entry of judgment, shall file with the clerk of the superior court a transcript duly certified by such judge, furnished by such judge without charge, and containing a copy of all written pleadings and docket entries of the lower court. Within 10 days after the transcript is filed, appellant shall note the case for trial. (Italics ours.)

Rule 6.03:

If the appellant fails to proceed with the appeal within the time and manner herein provided, the superior court shall upon motion of the respondent dismiss the appeal if the transcript has been there filed, otherwise, the lower court shall do so. Upon dismissal of the appeal for failure of appellant to proceed diligently with the appeal as herein required, or for any other cause, the judgment of the lower court shall be enforced by the judge thereof.

█ The above-stated rules which became effective July 1, 1963, are referred to in *State v. Ladiges, supra,* but were held not to apply retroactively in that case. *Ladiges* clearly outlined the procedural steps to be followed in invoking the jurisdiction of the superior court, as well as the duties of the court from which the appeal is being taken. The language in the rules, like the language in the statutes from which they were derived, is mandatory. *Bellingham v. Hite,* 37 Wn.2d 652, 225 P.2d 895 (1950); *Seattle v. Reed,* 6 Wn.2d 186, 107 P.2d 239 (1940). See, also, RCW 35.20.030, which provides in part:

All civil and criminal proceedings in municipal court, and judgments rendered therein, shall be subject to review in the superior court by writ of review or on appeal.

RCW 35.22.530 provides in part:

All civil or criminal proceedings before such police judge and judgment rendered by him shall be subject to review in the superior court of the proper county by writ of review or appeal.

██ The superior court has jurisdiction over an appeal, properly perfected, in which case the trial therein

is de novo, and on the merits, without reference to any irregularities which may have occurred in the lower court. *State v. Miller, supra; State v. Buckman, supra.* The superior court, likewise, has the power *to review* any errors or irregularities which may have occurred, and particularly so when the defendant's substantial rights were violated by forcing him to trial without the benefit of his counsel, through no fault of the defendant. We can conceive of no error more pregnant with prejudice or violative of a defendant's rights than what admittedly occurred in traffic court. We are not unmindful of the heavy docket that confronts the municipal judge daily, and his efforts to expedite its disposition. However, basic rights of those accused of crime cannot be sacrificed or disregarded in the interests of expediency, no matter how commendable the objective.

The prejudicial error committed in municipal court can be remedied only by a review thereof by superior court, and not by appeal.

We consider the superior court judge's full and careful consideration of the questions raised by the motions as a ruling upon a *review*, and not on appeal. To hold otherwise would be to sanction a possible miscarriage of justice.

The order of the trial court is affirmed in all respects except the last sentence thereof: "If said trial is not conducted within ten days of the signing of this order, the charges against the defendant will be dismissed." which is deleted.

Affirmed as modified.

ROSELLINI, C. J., HILL, WEAVER, and HAMILTON, JJ., concur.

---

March 18, 1966. Petition for rehearing denied.