[No. 38702. Department Two. July 13, 1967.]

THE CITY OF SEATTLE, *Respondent*, v. LAWRENCE SCHAFFER, *Appellant.**

*William F. Lockett,* for appellant.

*A. L. Newbould* and *Denny Anderson,* for respondent.

DONWORTH, J.—This is an appeal from a judgment and sentence entered by the Superior Court for King County, upon finding appellant guilty of three violations of § 2 of ordinance No. 64599, as amended (§ 16.04.020 of the Seattle Code), which is set forth below,[1] imposing a fine of $250 and 30 days' imprisonment in the Seattle city jail for each violation.

*Reported in 430 P.2d 183.

[1]"It is unlawful to manufacture, import, transport, possess, distribute, use or sell liquor, as defined herein or in the Washington State Liquor Act (Chapter 62, Laws of 1933, Ex. Ses., as now or hereafter amended, RCW Title 66) except as now or hereafter authorized or permitted by said Act or by rules or regulations of the Washington State Liquor Control Board now or hereafter made pursuant thereto."

Appellant had originally been charged by three complaints filed in the municipal court of Seattle with the same three violations of the aforesaid ordinance. After a trial, that court found appellant guilty on all three complaints and sentenced appellant to serve 180 days in the city jail on each complaint (sentences to run consecutively) and imposed a fine of $500 in each instance.

In his brief in this court, appellant states that he "inadvertently" gave timely notice of appeal from the three sentences imposed by the municipal court. He also filed three appeal bonds in support thereof.

The three complaints filed in the municipal court charged appellant with the following offenses:

(1) The unlawful sale at his place of residence of one bottle of whiskey to an agent of the State Liquor Control Board on September 19, 1965;

(2) The unlawful sale of another bottle of whiskey to the same agent at the same location on October 3, 1965;

(3) The willful and unlawful possession of certain intoxicating liquor at the same location on October 3, 1965; all of the aforesaid acts being in violation of the ordinance referred to above.

The cause came on for trial in the superior court before a judge sitting without a jury. The city introduced evidence in support of each complaint. Appellant did not testify or present any evidence.

At the close of the trial, the court orally stated that, in its opinion, the state had proven appellant guilty of the three acts complained of beyond a reasonable doubt. Later, the court signed its judgment and sentence finding appellant guilty on each charge and imposing a fine of $250 and a sentence of 30 days in the city jail as to each charge (with two periods of confinement suspended). Appellant has appealed from this judgment and sentence.

During the pendency of this appeal, the trial court, pursuant to the order of this court by which the cause was remanded for that limited purpose, entered findings of fact and conclusions of law. These are required in all criminal cases tried to the court without a jury. *State v. Mallory,* 69

Wn.2d. 532, 419 P.2d 324 (1966), and *State v. Wilks,* 70 Wn.2d 626, 424 P.2d 663 (1967).

The only two assignments of error claimed by appellant in his brief are:

1. The Court erred in holding that its verdict was sustained by the evidence.

2. The Court erred in holding that a mere statutory presumption is sufficient to sustain a finding of guilty as opposed to merely a prima facie case.

■  As to the first assignment, since no error is assigned to the trial court's findings of fact, we must accept them as the established facts of the case. *State v. Bell,* 59 Wn.2d 338, 368 P.2d 177 (1962). Here, the findings are based on the testimony of the state's witnesses (as stated, appellant introduced no testimony), and they established appellant's guilt as to each of the three charges beyond a reasonable doubt.

■  In his second assignment of error, appellant asserts that the trial court erred in holding that "a mere statutory presumption is sufficient to sustain a finding of guilty as opposed to merely a prima facie case." This assignment is not supported by any argument in appellant's brief. For this reason it cannot be considered by this court. *State v. Bell, supra.*

Although there is no assignment of error to which it is applicable, appellant argues that the judgment and sentence entered by the municipal court was in excess of its powers and contrary to law, and, therefore, void. Even if this question were properly before us, there is no merit in this contention. What happened in the municipal court is now immaterial. As stated by this court in *Seattle v. Buerkman,* 67 Wn.2d 537, 540, 408 P.2d 258 (1965):

> The superior court has jurisdiction over an appeal, properly perfected, in which case the trial therein is de novo, and on the merits, without reference to any irregularities which may have occurred in the lower court. *State v. Miller, supra* [59 Wn.2d 27, 365 P.2d 612 (1961)]; *State v. Buckman, supra* [51 Wn.2d 827, 322 P.2d 881 (1958)].

Since we find no reversible error on the part of the trial court in either of the two respects in which appellant complains in his two assignments of error, its judgment and sentence is hereby affirmed.

FINLEY, C. J., HAMILTON, J., and BARNETT, J. Pro Tem., concur.