[No. 44061. En Banc. June 24, 1976.]

THE CITY OF SEATTLE, *Appellant*, v. OLLIE BIRT CROCKETT, *Respondent*.

*John P. Harris, Corporation Counsel,* and *Richard S..Oettinger, Assistant,* for appellant.

*Jerome J. Doherty* of *Seattle-King County Public Defender,* for respondent.

DOLLIVER, J.—This is an appeal from an order entered by the King County Superior Court dismissing defendant's conviction in Seattle Municipal Court for illegally discharging a firearm in violation of a city ordinance. The conviction was dismissed due to an alleged failure to comply with CrR 3.3(b): the defendant was not given a trial de novo within 90 days from the date his counsel requested and received a trial date from the clerk of the superior court.

The sole issue is whether the time limits of CrR 3.3(b) have been met in an appeal to the superior court for a trial de novo where a person charged with a crime is brought initially to trial in municipal court within 90 days following the preliminary appearance. We hold under these circumstances the requirements of CrR 3.3(b) have been met and reverse the trial court.

The following facts are relevant to the resolution of the issues presented:

February 25, 1975  A "Washington Uniform Citation and Notice to Appear" was issued to defendant for discharging a firearm within the city limits.

March 14, 1975  Defendant made a preliminary appearance before the Seattle Municipal Court pursuant to JCrR 2.03 and entered a plea of not guilty.

| April 22, 1975 | Defendant was found guilty by the Seattle Municipal Court 39 days after his preliminary appearance. |
| June 4, 1975 | Defendant was sentenced to 60 days in jail. |
| June 9, 1975 | Defendant filed a notice of appeal in municipal court. |
| July 25, 1975 | A trial de novo in superior court was set for December 8, 1975. |
| November 3, 1975 | Defendant made a motion to dismiss. |
| November 24, 1975 | The superior court granted the motion and entered an order dismissing the criminal conviction pursuant to CrR 3.3(f). |

CrR 3.3(b) provides:

A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

CrR 3.3(f) provided:

A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

The defendant contends that the requirements of CrR 3.3(b) have not been met because (1) a trial de novo is a new proceeding in superior court and the plain language of the rule gives him a right to a trial in superior court within 90 days; (2) the "preliminary appearance" occurred and the 90-day period commenced to run on the day the defendant's case was either set or noted for trial in the superior court; and (3) the reasons for the rule are not obviated by the fact that defendant has appealed to superior court for a trial de novo.

A trial de novo in superior court as the result of a conviction and appeal taken in municipal court does not signal the initiation of an entirely new criminal process or procedure. The slate has not been wiped clean as, for example, where the defendant is to be tried again following a mistrial or order granting a new trial. *See ABA Standards Relating to Speedy Trial* § 2.2(c) (Approved Draft, 1968).

The judgment of conviction rendered by the municipal court still exists and the appeal merely suspends operation of the judgment. JCrR 6.02; *Goulter v. Huse*, 196 Wash. 652, 84 P.2d 126 (1938).

A trial de novo, such as in this case, represents the exercise of the appellate jurisdiction of the superior court and not its original jurisdiction. *Camas v. Kiggins*, 120 Wash. 40, 46, 206 P. 951 (1922); *see* Const. art. 4, § 6 (amendment 28). However, when such an appeal is taken, the superior court is vested with jurisdiction to proceed with the case as if it had been commenced originally in that court. *State ex rel. Getman v. Webster*, 193 Wash. 265, 267, 75 P.2d 124 (1938). The superior court may render such judgment as it deems is warranted.

The trial de novo involved in the present case is an unusual judicial procedure created by statute. RCW 35.20.070. It has the characteristics of both an appellate and a trial action. It cannot be viewed in isolation but must be considered as one step along a juridical continuum.

■ Similarly, the procedural rules applicable to superior courts and courts of limited jurisdiction must be considered as a whole and cannot be sliced up, then construed and applied piece by piece to the resolution of issues that develop from or are related to the judicial process. The criminal rules must be viewed in relation to both the type of procedure involved and the totality of their purpose, which is to secure simple and fair as well as inexpensive and effective justice. CrR 1.1, 1.2; JCrR 1.02; JAR 2. The rules were designed to operate in conjunction with one another and not to require meaningless and useless duplication. When so considered and applied to this case there is no hiatus between the criminal rules for courts of limited jurisdiction and the criminal rules for superior courts.

CrR 3.3 (a) provides that every person "charged with crime" is entitled to a speedy trial in accordance with the provisions of the rule. JCrR 2.03 (a) (2) provides that a person arrested for any offense is entitled to a preliminary appearance at which time the judge informs the person (1)

of the charge for which he or she is arrested, and (2) of the rights of the person charged with the crime.

■ In this case defendant was given a preliminary appearance pursuant to JCrR 2.03. This appearance triggered the time limits of CrR 3.3(b). *State v. Parmele*, 87 Wn.2d 139, 550 P.2d 536 (1976); *State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975). Subsequently, the defendant was brought to trial within the 90 days after his preliminary appearance in municipal court. Defendant has been accorded a speedy trial pursuant to CrR 3.3(b) which initially fulfilled public policy and satisfied the purpose of requiring a speedy trial. *See ABA Standards Relating to Speedy Trial* § 1.1 (Approved Draft, 1968).

The language of the rule is clear. A trial on a criminal charge is required within 90 days following the preliminary appearance. Such a trial was held. The requirements of CrR 3.3(b) have been met. Within the confines of this case and the language and purpose of JCrR 2.03 and CrR 3.3, there is no merit to defendant's attempt to transform the date on which a trial de novo is noted or set for trial in the superior court into the preliminary appearance referred to in CrR 3.3(b).

■ Defendant further ignores the fact that the prosecuting attorney initially met the burden in providing an accused with a speedy trial within the time frame specified by our criminal rules. Thus, when the defendant appealed his conviction in municipal court, the responsibility for and the burden of compliance with the rules shifted away from the court and the prosecuting attorney. *State v. Sodorff*, 84 Wn.2d 888, 529 P.2d 1066 (1975). In fact, it is the defendant's burden to prosecute an appeal diligently and a failure to do so may result in dismissal on the clerk's motion. JCrR 6.03; *State v. Twogood*, 14 Wn. App. 447, 542 P.2d 793 (1975).

It should be noted that, even though the rigid requirements of CrR 3.3 have been met in the district court proceedings, the defendant continues at the trial de novo to have a constitutionally protected right to a speedy trial.

258

*See* Const. art. 1, § 22; *cf. State v. Estes*, 151 Wash. 51, 54, 274 P. 1053 (1929). Nevertheless, the burden is on him to pursue it.

The judgment of the superior court is reversed, the prosecution is reinstated and the cause is remanded for trial.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.