[No. 44825. En Banc. December 28, 1978.]

THE STATE OF WASHINGTON, *on the Relation of Ralph A. Moore, Petitioner,* v. PAUL HOUSER, *Respondent.*

*John H. Rayback*, for petitioner.

*Lawrence J. Warren, Assistant City Attorney*, for respondent.

STAFFORD, J.—Ralph Moore petitioned this court for review of a Court of Appeals opinion that affirmed the Superior Court's refusal to issue a writ prohibiting a municipal court from proceeding with petitioner's trial. We reverse the Court of Appeals and remand the cause to the Superior Court for issuance of a writ of prohibition consistent with this opinion.

The owner of a damaged automobile gave a police officer reason to believe that petitioner, Moore, had collided with

his parked car. Petitioner was arrested on September 28, 1975, and booked on a charge of driving while intoxicated. On September 29 a municipal court citation was issued, bail was set at $250, and petitioner was released on his personal recognizance.

On November 25, petitioner entered a plea of not guilty and trial was set for December 12. Petitioner appeared for trial as ordered. Although more than 60 days had elapsed since his first appearance, petitioner did not move for dismissal of the case as authorized by JCrR 3.08.[1]

The City called the arresting officer as its only witness. Cross–examination of the officer revealed that the owner of the damaged vehicle was a witness to the alleged offense. Petitioner argued that the missing witness was necessary to the City's case and should have been called.

Despite the court's urging, *petitioner refused to request a continuance* to call what might have been an adverse witness. The City also declined to ask for a continuance asserting it had established a prima facie case. Although inclined to agree with the City, the court again "suggested" that the City ask for a continuance. Thereafter, the City made the request, *which was granted over petitioner's objection.* In spite of petitioner's objection, the municipal court continued the matter *an additional 63 days* to February 13, 1976, 137 days after petitioner's first appearance.

*Prior to February 13* petitioner moved to dismiss the case in municipal court pursuant to JCrR 3.08. *The motion was denied.* His application for a writ of prohibition was denied by the Superior Court. Thereafter, the Court of Appeals affirmed the trial court holding the Superior Court

---

[1]"Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. *If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal* under such circumstances *shall be a bar to further prosecution for the offense charged.*" (Italics ours.) JCrR 3.08.

could adequately review the speedy trial issue after the trial was concluded in municipal court. *State ex rel. Moore v. Houser,* 16 Wn. App. 363, 556 P.2d 556 (1976). We granted a petition for review. The Court of Appeals is reversed and the cause is remanded to the Superior Court with instructions to issue a writ of prohibition consistent herewith.

 This case is controlled by *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). While the facts of the two cases are somewhat different, the ultimate effect is the same. In both cases, *over the objection of the petitioner,* a trial was set well beyond the period of time authorized by JCrR 3.08. In both, a motion to dismiss made pursuant to JCrR 3.08 was denied by a court of limited jurisdiction and a superior court denied a writ prohibiting trial in municipal court. In both, petitioners were relegated to a trial de novo.

In *Mack* we held that a clear violation of JCrR 3.08 *absolutely terminates litigation with prejudice.* Because of the *terminating effect* we further held that extraordinary relief is proper to review the denial of a motion to dismiss for violation of JCrR 3.08. As we said in *Mack* at pages 790-91:

> The first issue before us concerns the remedy by which appellants may seek relief from the original interlocutory orders denying their motions to dismiss. Respondents argue that relief by writ of prohibition is improper because appellants could have sought relief by appeal to the Superior Court. It is said that a trial de novo in Superior Court would afford appellants a plain, speedy and adequate remedy which precludes relief by extraordinary writ. This argument begs the question. *A trial de novo would subject appellants to the very trial they seek to avoid.* Further, *a trial de novo would reach the merits of the misdemeanor charges, but not the propriety of the interlocutory orders. See State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961). Consequently, *appellants properly raised the dismissal issue by means of an extraordinary writ.*

(Italics ours.) In short, the extraordinary relief granted in *Mack* was necessary to "forestall the necessity of two trials"

and to prevent a waste of the litigant's funds and judicial time. We recognized in *Mack* that a defendant should not be required to relitigate the *merits* of a criminal charge in Superior Court in order to determine whether a municipal court trial should have occurred in the first place.

JCrR 3.08 not only provides a defendant with a valuable speedy trial, but it *requires* a dismissal *with prejudice* if the rule is violated. If a court of limited jurisdiction disregards or misapplies the rule and a defendant must face a trial de novo in superior court, his right to a dismissal with prejudice *without a trial,* is irretrievably lost as are the funds unnecessarily expended defending the case, to say nothing of time lost to all, including the courts. To hold otherwise would place a premium on both prosecutorial and judicial delay, against which a defendant would have no recourse at the district court level. If a defendant were left with no choice but to face the unnecessary expense, inconvenience, and loss of time involved in a municipal court trial as well as a more expensive rerun in superior court, we fear the State would be armed with a potent weapon indeed. Defendants would lose what heretofore has been deemed an important protection. The few who might attempt to enforce JCrR 3.08 would find it an expensive luxury rather than the guaranty of expeditious trial it was intended to be.

■ It is argued that piecemeal review and resultant delay in the resolution of criminal cases should be deplored, citing *United States v. MacDonald,* 435 U.S. 850, 56 L. Ed. 2d 18, 98 S. Ct. 1547 (1978). *MacDonald* is not in point, however. In that case the court made it clear that the Sixth Amendment right to speedy trial would not be "irretrievably lost" if review awaited an appeal. Such is not the case where petitioner would be faced with a trial de novo as he would under JCrR 3.08. Although *MacDonald* stressed that the right to speedy trial does not involve the right not to be tried the contrary is true with JCrR 3.08. The rule itself calls for *dismissal with prejudice* if the 60–day limit is violated. Further, the extent of Sixth Amendment "speedy

trial" rights is a relative matter based primarily upon the *presence of prejudice* in the individual case. To the contrary, dismissal is *required* by JCrR 3.08 *whether a defendant is prejudiced or not.* Under JCrR 3.08 the question is not *prejudice* but an absolute time limit set by rule. Finally, *MacDonald* noted that in the Sixth Amendment sense, proceeding to trial does not cause or compound the deprivation already suffered by *one* trial. However, in the instant case, as in *Mack,* the petitioner needlessly would be required to jump through the hoops twice at additional expense and with an additional investment of time and effort.

To do other than follow our earlier decision in *Mack,* would be to do a disservice to the criminal justice system by unnecessarily laying the groundwork for the destruction of JCrR 3.08 in the name of expediency.[2]

WRIGHT, C.J., and UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

---

[2]The dissent contends that the majority somehow has denied defendants' possible rights of appeal and/or such other post–conviction remedies as might be available under JCrR 3.08. In order to achieve this end the dissent finds it necessary to recommend the overruling of our unanimous opinion in *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978) despite the fact that the ink on the opinion is hardly dry.

A careful reading of the majority opinion makes it abundantly clear that under the facts of this case "extraordinary relief is *proper* to review the denial of a motion to dismiss for violation of JCrR 3.08." (Italics ours.) We do not hold or imply that such relief is the *exclusive* remedy or that if a defendant might desire to proceed by way of appeal and trial de novo he would be precluded from so doing. Also, we do not suggest that what we have deemed *a proper* remedy herein, somehow may become an *exclusive* remedy that could undermine one's right to seek post–conviction relief in the right setting. In short, we recognize that a defendant has an alternative and *may* employ extraordinary relief if other means fail to or do not adequately protect those rights afforded by JCrR 3.08. Our holding is entirely consistent with our earlier unanimous opinion in *State v. Mack, supra.*

Further, as noted earlier in this opinion, the dissent's reliance upon *United States v. MacDonald,* 435 U.S. 850, 56 L. Ed. 2d 18, 98 S. Ct. 1547 (1978) is erroneous. The Sixth Amendment and speedy trial issues raised in *MacDonald* are dependent upon *proof of prejudice* which is a relative matter. This is very different from the application of JCrR 3.08 under which dismissal is required *whether a defendant is prejudiced or not.*

ROSELLINI, J. (dissenting)—I cannot agree with the conclusion of the majority that a criminal defendant appealing from a justice court judgment cannot obtain review of a procedural error involving his substantial rights, unless he submits himself to a trial de novo. Admittedly, there is some case authority for this absurd result, as well as for the equally irrational proposition which the Court of Appeals found to be the law—that an appellant who seeks review of a procedural question waives his right to a trial de novo. I do not find in the statutes or rules of court pertaining to review of inferior court proceedings any language which requires such anomalous interpretations, and our better reasoned cases do not support them.[3]

The majority rests its decision upon the recent case of *State v. Mack*, 89 Wn.2d 788, 576 P.2d 44 (1978). That case involved three defendants in courts of limited jurisdiction who had demanded trials within the 60-day period provided in JCrR 3.08. Their demands had been denied because of crowded jury calendars. They sought review by means of writs of prohibition, which were denied in Superior Court but approved in this court. Unfortunately, the question of the adequacy of appellate review of inferior court rulings, after judgment, was not argued or explored in that case, but it was assumed on the basis of *State v. Ladiges*, 66 Wn.2d 273, 401 P.2d 977 (1965), and *State v.*

---

[3]Not only has the majority quite unnecessarily manacled the hands of the superior courts, when they sit as appellate courts, but it has also, without purporting to review the Superior Court's decision, decided the case on the merits. The Superior Court found that good cause for the continuance of the petitioner's trial had been shown. I think that conclusion was well founded, since the petitioner's counsel invited the continuance by objecting to the absence of a witness. Be that as it may, the question is not properly before us. The Court of Appeals did not review the merits, but sustained the Superior Court upon the ground that the writ was not available to the petitioner, his remedy by writ of review, after trial, being adequate. The only question before this court is the correctness of that decision. Since the majority finds it to have been erroneous, the proper disposition is to remand the case to the Court of Appeals to review the merits. If the majority feels that it should expedite the case by performing this task itself, it would seem that a discussion of the issue and a holding with respect to it would be appropriate.

*Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961), that only a trial de novo was available. If this were the case, the remedy would indeed be inadequate. The cases of *State ex rel. O'Brien v. Police Court,* 14 Wn.2d 340, 128 P.2d 332, 141 A.L.R. 1257 (1942), and *State ex rel. Morrow v. DeGrief,* 40 Wn.2d 667, 246 P.2d 459 (1952), were not noted, nor were the applicable statutes and appellate rules analyzed. The objections to piecemeal review were not mentioned. Considering the paucity of discussion in that opinion, I think it hardly supplies a firm basis for a rule which the majority tacitly admits is senseless. The granting of the writs in that case was justified, however, since it appeared that the problem with respect to the setting of jury trials was a recurring one, and a ruling from this court with respect to the applicability of the speedy trial rule, where the defendant has requested such a trial, was needed. An application for such a writ is always addressed to the discretion of the court, and there the showing of "extraordinary circumstances" was sufficient to justify the granting of the applications.

While our cases with respect to the availability of extraordinary remedies certainly do not present a consistent and harmonious pattern, largely because in many cases the propriety of the writ was not questioned, we have often repeated the principle that cases should not be tried piecemeal. *Mattson v. Kline,* 47 Wn.2d 538, 288 P.2d 483 (1955). In *State ex rel. Lyon v. Police Court,* 53 Wash. 361, 363, 101 P. 1082 (1909), we said:

> It is the policy of the law, and the practice should be so regulated, that a person accused of crime before an inferior court shall have a continuous trial interrupted only by the necessary adjournments; and when judgment is pronounced in the case, if it be against him, one review of the judgment, in which all the questions that arose in the trial and which he believes were erroneously decided to his prejudice, can be examined by the appellate tribunals for error.

And in *State ex rel. O'Brien v. Police Court, supra,* this court, assuming without deciding that jurisdiction of the

municipal court was in question, held that nevertheless the writ would not lie because the petitioner had a plain, speedy and adequate remedy by appeal, at which time the question of jurisdiction could be reviewed. The writ should be used only when none of the ordinary remedies provided by law are applicable, this court said, and a remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship. The situation presented no emergency and the appellant was not faced with immediate punishment, nor with any great or irreparable loss, nor any detriment other than that of possible delay and expense. Like the petitioner here, he was not in custody.

The United States Supreme Court has recently held that the Sixth Amendment right to a speedy trial can be protected by review on appeal from a final judgment and that a claimed denial of that right does not warrant interlocutory review in federal courts. *United States v. MacDonald,* 435 U.S. 850, 56 L. Ed. 2d 18, 98 S. Ct. 1547 (1978). The constitutional right does not carry with it the requirement that a case be dismissed if it is not brought to trial within a specified number of days, as do our rules. Nevertheless, the court said that if a denial of a speedy trial is found to have prejudiced the accused in his defense, the proper remedy is dismissal of the prosecution.

The high court observed that it has been the principle generally applied in federal courts that piecemeal appeals are disfavored and that finality of judgment has been required as "a predicate for federal appellate jurisdiction." The rule of finality, it said, has particular force in criminal prosecutions because the "encouragement of delay is fatal to the vindication of the criminal law." The court was at great pains to distinguish the two cases in which it had departed from the principle. While the court gave weight to the fact that prejudice can usually be shown only after a prosecution has come to trial,[4] it also held that protection

---

[4]Proof of prejudice is not required under CrR 3.3.

of the right to a speedy trial would not be "irretrievably lost" if review had to await final judgment. It would be largely satisfied by an acquittal if the prosecution was unable to prove its charge (one purpose of the speedy trial right being to guarantee trial before evidence favoring the defendant is lost). The right to a speedy trial, the court said, does not involve a right not to be tried at all, even though dismissal is the ultimate relief granted. Upon this subject, by way of footnote 7, it is said:

> Admittedly, there is value—to all but the most unusual litigant—in triumphing before trial, rather than after it, regardless of the substance of the winning claim. But this truism is not to be confused with the quite distinct proposition that certain claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial. Double jeopardy claims are paradigmatic.
>
> Certainly, the fact that this Court has held dismissal of the indictment to be the proper remedy when the Sixth Amendment right to a speedy trial has been violated, see *Strunk* v. *United States,* 412 U. S. 434 [37 L. Ed. 2d 56, 93 S. Ct. 2260] (1973), does not mean that a defendant enjoys a "right not to be tried," which must be safeguarded by interlocutory appellate review. Dismissal of the indictment is the proper sanction when a defendant has been granted immunity from prosecution, when his indictment is defective, or, usually, when the only evidence against him was seized in violation of the Fourth Amendment. Obviously, however, this has not led the Court to conclude that such defendants can pursue interlocutory appeals. *Abney* v. *United States,* 431 U. S., at 663; *Cogen* v. *United States,* 278 U. S. 221, 227 (1929); *Heike* v. *United States,* 217 U. S. 423, 430 (1910).

*United States v. MacDonald, supra* at 860 n.7.

It is the delay before trial, not the trial itself, the court said, which offends against the constitutional guaranty. Proceeding with the trial does not cause or compound the deprivation already suffered. The court further noted that to allow interlocutory appeals defeats the very purpose of the speedy trial provision—that is to say, it encourages and, to use its words, exacerbates pretrial delay.

This court is erratic indeed when it adopts a view of the law which encourages delay by use of pretrial procedures for review while at the same time it imposes upon society the harsh penalty of dismissal where the lower courts are not diligent in seeing that accused persons are brought to trial.

In reviewing the decision of the Superior Court in this case, the Court of Appeals cited the rule that a writ of prohibition may be granted only when two prerequisites are satisfied: (1) that the judicial action to be restrained is in excess of the court's jurisdiction,[5] and (2) that the moving party has no plain, speedy and adequate remedy in the ordinary course of law.

The court correctly observed that a writ of prohibition is ordinarily not available in superior court to review a judicial ruling in a municipal or district court criminal proceeding, because there is an adequate remedy available after judgment. However, with respect to that remedy and based upon language found in certain opinions of this

---

[5]While the Court of Appeals noted that the error complained of by the petitioner was a procedural irregularity, it declined to decide whether the question involved the jurisdiction of the municipal court, resting its decision instead upon its finding that the petitioner had an adequate remedy by writ of review. Although I too find it unnecessary to pass upon the jurisdictional question, I think it well to call attention to the nature of district court jurisdiction.

The jurisdiction of these courts is established by statute. Const. art. 4, § 12. The three essential elements of jurisdiction are: (1) the court must have cognizance of the class of cases to which the one to be adjudicated belongs; (2) the proper parties must be present; and (3) the point decided must be, in substance and effect, within the issues before the court. *Adams v. Allstate Ins. Co.*, 56 Wn.2d 834, 355 P.2d 838 (1960). As this court said in *State ex rel. New York Cas. Co. v. Superior Court*, 31 Wn.2d 834, 199 P.2d 581 (1948), jurisdiction is the power to hear and determine a controversy regardless of whether the ruling made in the particular case is correct or incorrect.

"Excess of jurisdiction" is the state of being outside the limits of jurisdiction and is distinguished from complete lack of jurisdiction in that the act, while within the general power of the court, is unauthorized in the particular case. 21 C.J.S. *Courts* § 25 (1940).

An erroneous ruling with respect to a matter upon which the court is empowered to act is not an act outside or in excess of the court's jurisdiction. *State ex rel. O'Brien v. Police Court*, 14 Wn.2d 340, 128 P.2d 332, 141 A.L.R. 1257 (1942); *State ex rel. New York Cas. Co. v. Superior Court, supra.*

court, the Court of Appeals decided that the losing party must either elect to have a trial de novo in Superior Court, at the same time waiving all errors that may have occurred in the lower court, or else waive the trial de novo and challenge errors of law made in the lower court, by means of the writ of review. The court nevertheless held that elective remedy to be adequate.

The majority here does not even grant an appellant that option, but decrees that in every case, one appealing from a justice court judgment must submit to a trial de novo. Our sounder cases do not impose such an irrational burden, and certainly our present rules governing appeals from courts of limited jurisdiction do not deny a right to obtain review of procedural errors.

Cases which tend to support the view that procedural errors cannot be reviewed on appeal are *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961); *Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965); and *Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967). In *Miller,* the defendant was tried in justice court and challenged the jurisdiction of that court on grounds of improper venue when he appealed to the Superior Court. That court denied his motion to dismiss, and he was again convicted in a trial de novo. In a per curiam opinion, this court affirmed the conviction, holding that the defendant had waived his objection to venue by failing to raise it before the justice court. The opinion stated further by way of dictum that the question was not reviewable on appeal, and said:

> A defendant has an independent action in the superior court to require conformance to the law in procedural matters in the justice court. When, however, the jurisdiction of the superior court is invoked by an appeal from a conviction in the justice court, the superior court does not review the action of the justice court because it is not a court of record. Such an appeal invokes a trial *de novo. State v. Buckman,* 51 Wn. (2d) 827, 322 P. (2d) 881 [1958].

*State v. Miller, supra* at 29.

Thus the opinion, by this dictum, indicated that a defendant has an absolute right to have interlocutory justice court orders reviewed by extraordinary writ. The fact that the issuance of such writs is discretionary was overlooked.[6] The case cited, *State v. Buckman*, 51 Wn.2d 827, 322 P.2d 881 (1958), was one in which the defendant had appealed a justice court conviction and, in the Superior Court, argued that the justice court did not have jurisdiction because the transfer of his case to that court (on his own motion) was not approved in writing by the Prosecuting Attorney, as allegedly required by statute. This argument had been rejected and a trial de novo was conducted. On appeal, we held that the question of the jurisdiction of the justice court was immaterial, since the Superior Court had concurrent jurisdiction and the proceedings in Superior Court were de novo, as if originally commenced therein.

That opinion does not go so far as to say that under no circumstances can the Superior Court review proceedings in justice court, when an appeal is taken after the justice court judgment is entered.

*Seattle v. Buerkman, supra,* was a hard case and achieved that for which such cases are noted. There the defendant in a municipal court criminal action was tried in the absence of his counsel, who was unavoidably detained in Superior Court. He gave oral notice of appeal, and the notice was noted and the transcript filed in Superior Court. His counsel appeared with him in Superior Court and obtained an order directing a new trial. The City appealed, and this court affirmed. In reaching its conclusion, it upheld

---

[6] The terms writ of review and writ of certiorari are regarded as interchangeable. *Berman v. Urquhart*, 48 Wn.2d 85, 291 P.2d 655 (1955). The writ is discretionary and, properly, is available only under extraordinary circumstances. Where the language of the act indicates that the legislature intended to give a mandatory remedy, it must be construed as a right of appeal, rather than a right to an extraordinary writ. *North Bend Stage Line, Inc. v. Department of Pub. Works*, 170 Wash. 217, 16 P.2d 206 (1932).

the City's contention that the notice of appeal was ineffective, because it was not in writing, but sustained the judgment by treating the attempted appeal as a petition for a writ of review, for which no writing was expressly required. The opinion did not consider the question whether the error in trying the defendant without his counsel present could be remedied by a trial de novo. What it did hold was that the question could be treated on a writ of review but could not be considered on an appeal, though taken at the same time and to the same court. *Miller* had implied that a writ of review can be obtained only at an interlocutory stage and not after final judgment, but *Buerkman* allowed the writ after the justice court proceedings were concluded.

The opinion in *Buerkman* assigns a great deal of importance to form, and its writer explained that the course it took was necessary to avoid a possible miscarriage of justice. However, the result could as well have been achieved without the gratuitous statement that the error complained of could not be reviewed on appeal. It was enough to state that it was cognizable upon a writ of review.

*Seattle v. Buerkman, supra,* was cited in *Seattle v. Schaffer, supra,* an appeal from a trial de novo in Superior Court. There this court, taking note of a contention not covered by any assignment of error—"that the judgment and sentence entered by the municipal court was in excess of its powers . . ."—stated that if the contention were properly before it, it would find no merit in it, since what happened in municipal court had become immaterial by virtue of the trial de novo, which is conducted without reference to any irregularities which may have occurred in the lower court.

The difficulty with the broad language in these cases is that it invites piecemeal review and forces a defendant to elect between a new trial and a reliance on procedural errors, even though the particular error may be one which cannot be corrected by a trial de novo and which involves a substantial right of the defendant, thus raising the specter of due process denial. In each of those cases, the decision

could have been justified without a declaration that a superior court can never consider procedural errors on appeal.

*State v. Miller, supra,* and *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965), another case cited in the Court of Appeals opinion, were venue cases. In both of these we properly refused to consider contentions that the justice court erred in denying a change of venue, since interlocutory review of such a contention *must* be sought by extraordinary writ. The venue cases are unique, the extraordinary writ being granted to forestall the necessity of two trials. *See Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 573 P.2d 1316 (1978).

The result reached in *State v. Buckman, supra,* and *Seattle v. Schaffer, supra,* can be justified upon the ground that lack of jurisdiction is cured by a trial de novo in a court having jurisdiction. *State v. Miller, supra.*

While these cases correctly hold that, upon appeal from a court of limited jurisdiction, the Superior Court is vested with jurisdiction to proceed with the case as if it had been commenced originally in that court, they go too far in saying that by appealing a defendant waives all claims of error in the lower court which involve his substantial rights and cannot be corrected by a trial de novo. If the rule is as restrictive as it is said to be in these opinions, it has the effect of encouraging applications for interlocutory review and penalizing the party who waits until the trial is concluded to seek review. This is contrary to the fundamental policy that piecemeal review should be avoided wherever possible. All of these opinions failed to take cognizance of our earlier holdings in *State ex rel. O'Brien v. Police Court,* 14 Wn.2d 340, 128 P.2d 332, 141 A.L.R. 1257 (1942), that questions of jurisdiction can be reviewed on appeal to the Superior Court, and in *State ex rel. Morrow v. DeGrief,* 40 Wn.2d 667, 246 P.2d 459 (1952), that the question whether a police court complaint was timely filed could be adequately dealt with on appeal. *O'Brien* involved a contention that the police court action had been dismissed—a contention which this court said was reviewable on appeal. If the

case had in fact been dismissed, further prosecution of the petitioner would have been barred under RCW 10.43.010. *Morrow* involved an alleged refusal of the municipal court to follow a statutory requirement that a prosecution should be dismissed if no information is filed within 30 days after a person is held to answer (Rem. Rev. Stat. § 2311, now RCW 10.37.020). Since this court said that the question could be reviewed on appeal, it is obvious that we did not consider that such an error would be merged in a trial de novo if an appeal was taken. *See also State v. Buckman, supra,* in which it is implicitly acknowledged that questions of jurisdiction can be raised on appeal to the Superior Court, although in this particular case the question of justice court jurisdiction was found to be immaterial.

In the recent case of *Seattle v. Crockett,* 87 Wn.2d 253, 551 P.2d 740 (1976), we recognized that, even though a justice court defendant receives a trial de novo in superior court, the court is exercising its appellate jurisdiction. A necessary incident of such jurisdiction is the power to review any error occurring in the lower court which affected a substantial right of the defendant.

Thus it appears that while there are many errors of a justice court which are correctable by the granting of a trial de novo, there are others which invade a right of the defendant which exists independently of his right to a fair trial. Such a right is that which the petitioner claims here. If indeed JCrR 3.08 was violated, the rule requires that the prosecution be dismissed with prejudice. A new trial in Superior Court would be barred.

I find nothing in the statutes or court rules which indicates that a party appealing from a municipal court must choose between a new trial on the factual issues and a review of procedural errors which affect the substantial rights of the party. RCW 35.20.030 provides in part:

> All civil and criminal proceedings in municipal court, and judgments rendered therein, shall be subject to review in the superior court by writ of review or on appeal.

This section clearly contemplates a right to have the *proceedings* reviewed. While RCW 35.20.070 provides that the trial in superior court shall be de novo, it does not state that all errors in the proceedings below shall be waived if such a trial is had. A transcript certified by the municipal judge, containing pleadings and docket entries, is required to be filed with the superior court under RCW 35.20.040. This section also provides that the clerk shall deliver any exhibits introduced in evidence in the trial in the municipal court, "which exhibits may be offered in evidence *if* a new trial is had in the superior court.". (Italics mine.) Thus the statute does not restrict review on appeal to the granting of a trial de novo.

RCW 35.20 applies to cities having a population of over 400,000. Provision is made in RCW 3.50.370 for cities having a population under 20,000. This statute does not specify that errors of law shall be reviewed, but it does not prohibit such review.

There is no statutory provision for court procedures for cities having a population of more than 20,000 but less than 400,000, into which category the city of Renton falls. However, RCW 3.46 authorizes municipal departments of the justice court in all cities, and it was apparently pursuant to this statute that the Municipal Court of Renton was established. The void left in the statutes is filled by this court's rules for courts of limited jurisdiction, promulgated pursuant to RCW 3.30.080, which provides that the Supreme Court may adopt rules of procedure for justice courts.

Chapter 6 of the Justice Court Criminal Rules governs appeals. Therein, the appellant is required to expedite his appeal and to obtain a transcript of all matters of record in the justice court. The chapter does not expressly state that the trial in Superior Court shall be de novo; however, such a provision is implicit. The writ of review is not mentioned. Thus it is evident in these rules that all reviewable questions can be presented on appeal, there being no other avenue of review provided.

I can perceive no sound reason why a defendant may not seek review of alleged procedural errors which affect the right to maintain the action, and at the same time ask for the alternative relief of a trial de novo. The review of procedural errors naturally would not properly be concerned with those errors which can be corrected in the course of the new trial. Certainly the reviewing court can consider such questions as the denial of a speedy trial at the justice court level[7] and, if it decides those adversely to an appellant, conduct a trial de novo.

This court holds its rules in its own hands. It is certainly not obliged to perpetuate the error of cases which have ignored the language of the statutes and rules and the principles which properly govern appellate procedure.

To the extent that *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961), *Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965), *Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967), and *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978), hold that no procedural error of an inferior court can be reviewed on appeal to the superior court, they should be overruled.

The petitioner has made no showing that his remedy by appeal is inadequate. He is not confronted by the prospect of a lengthy trial, and the delay occasioned by the court's order was not of unconscionable length, particularly in view of the fact that the petitioner is free on bail. In the event he is convicted, the question whether the case should be dismissed because the petitioner was denied a speedy trial can be reviewed on appeal to the superior court, without the necessity of a trial de novo.

The petitioner insists that the extraordinary writ should be available to forestall the necessity of submitting to any trial, pointing out that JCrR 3.08 mandates dismissal if a case is not brought to trial within the prescribed time. As

---

[7]*Cf. Seattle v. Crockett,* 87 Wn.2d 253, 551 P.2d 740 (1976), holding that the time limitations of CrR 3.3 do not apply to appeals to superior court, but at the same time implicitly recognizing that an erroneous ruling with respect to speedy trial rules at the justice court level is reviewable on appeal to the superior court.

affirmed by the United States Supreme Court in *United States v. MacDonald,* 435 U.S. 850, 56 L. Ed. 2d 18, 98 S. Ct. 1547 (1978), it is not the function of the extraordinary writ to afford immediate review of all rulings of a trial court which, if reversed, would result in dismissal of a prosecution. If it were, then every ruling denying a motion to dismiss for failure to state a crime, or to prove a crime, or because the statute of limitations has run on the offense would be reviewable by extraordinary writ. Such is not the law.

In my opinion, since the available remedies were not shown to be inadequate to review the alleged error of the municipal court, the Court of Appeals was correct in upholding the Superior Court's denial of the writ. The strong judicial policy opposing piecemeal review requires that interlocutory review of proceedings in courts of limited jurisdiction should be denied except in extraordinary circumstances.

I think the court erred, however, in holding that procedural errors of the type relied upon by the petitioner can be considered only by writ of review. Under the statutes and court rules as written, and under our better reasoned cases, such errors can be reviewed on appeal from the final judgment, without the necessity of a trial de novo and without waiving the right to such a trial.

As thus modified, I would affirm the decision of the Court of Appeals.

HAMILTON, J., concurs with ROSELLINI, J.

Reconsideration denied February 8, 1979.