[No. 6060–1.   Division One.   August 14, 1978.]

RONALD PETERSEN, ET AL, *Appellants,* v. THE CITY OF SEATTLE, *Respondent.*

*Sonkin & Hall* and *Alan F. Hall,* for appellants.

*Douglas N. Jewett, City Attorney,* and *P. Stephen DiJulio, Assistant,* for respondent.

JAMES, J.—Petitioners were convicted in Seattle Municipal Court of 64 violations of Seattle's "panoram" ordinance.[1] Their timely motion to dismiss the charges on the ground that the complaints failed to specify the place where the alleged offenses occurred was denied by the municipal court judge.[2]

---

[1] "The interior of the panoram or peepshow premises shall be arranged in such a manner that the area from which panoram pictures or film is to be viewed and, from the waist down, any person viewing such panoram pictures or film is visible from the entrance to such premises. The licensee shall not permit any doors to public areas on the premises to be locked during business hours. Any room or area on such premises shall be readily accessible at all times for inspection by any law enforcement officer. The licensee shall maintain minimum illumination generally distributed in all parts of the premises at all times when the panoram area is open or when the public is permitted to enter or remain therein." Seattle City Code § 10.98.070.

[2] In *Bitts, Inc. v. Seattle,* 86 Wn.2d 395, 544 P.2d 1242 (1976), the constitutionality of the ordinance was upheld upon challenges for vagueness, restraint of free speech, and denial of equal protection.

After conviction, petitioners sought a writ of certiorari from superior court to review the denial of their motion to dismiss. The order for the writ was issued by a court commissioner and expressly provided that "[p]etitioners may file notice of appeal in said complaints without prejudice to their writ of certiorari provided they are filed within the statutory time limits." Petitioners thereafter filed a timely notice of appeal. The City did not seek review of the commissioner's order pursuant to RCW 2.24.050.

This appeal is from the superior court order dismissing the writ of certiorari. The trial judge's reason for the dismissal was that "[p]etitioners have a plain, speedy and adequate remedy at law on trial de novo, as the trial judge on trial de novo may consider and decide the sufficiency of the complaint as it was filed in municipal court." Conclusion of law No. 2.5.

The trial judge orally stated, however, that if on appeal it was determined that the municipal judge's denial of petitioner's motion to dismiss was properly reviewable by certiorari, his ruling would be that the complaints should be dismissed. Accordingly, the trial judge entered formal "alternate" conclusions of law as follows:

3.1—JCrR 2.01 states that a complaint shall set forth the place of the alleged offense.

3.2—In order to state an offense, it is necessary that a complaint contain the address of the alleged offense.

3.3—JCrR 2.04 states that a complaint shall not be deemed insufficient for lack of any matter not necessary to a plain, concise and definite statement of the essential facts constituting a specific offense.

3.4—As the address of the alleged offense is necessary to a statement of an offense, the complaints at issue herein are insufficient, and the [petitioners are] entitled to have said complaints dismissed.

In his oral ruling, the trial judge stated that his purpose in entering alternative conclusions of law was to avoid the need for remand and to enable this court to dispose of the matter without further delay. We commend the trial judge's sua sponte exercise of judicial discretion. We hold,

however, that the issue of the sufficiency of the complaints was properly reviewable by way of certiorari.

RCW 35.20.030 provides in part that municipal court judgments "shall be subject to review in the superior court by writ of review *or* on appeal." (Italics ours.) RCW 35.20-.070 provides in part that an *appeal* to the superior court shall be by way of a trial de novo and shall be "subject, however, to the right of the city to file an amended complaint therein in criminal cases."

As pointed out in *Seattle v. Crockett,* 87 Wn.2d 253, 256, 551 P.2d 740 (1976), a trial de novo of an appeal from municipal court

> is an unusual judicial procedure created by statute. RCW 35.20.070. It has the characteristics of both an appellate and a trial action. It cannot be viewed in isolation but must be considered as one step along a juridical continuum.

In support of their motion for reconsideration of the order dismissing writ of certiorari, petitioners presented an affidavit of their counsel who stated that the City's attorney informed him that the City intended to file an amended complaint in superior court which would specify the place where the alleged offenses occurred. The affidavit is not controverted. The City contends, however, that the sufficiency of the complaints filed in municipal court may still be reviewed in superior court at a trial de novo.

The hybrid nature of a de novo appeal to the superior court has presented procedural uncertainties. *State ex rel. Getman v. Webster,* 193 Wash. 265, 75 P.2d 124 (1938) is cited in *Seattle v. Crockett, supra* at 256, for the statement that:

> A trial de novo, such as in this case, represents the exercise of the appellate jurisdiction of the superior court and not its original jurisdiction. *Camas v. Kiggins,* 120 Wash. 40, 46, 206 P. 951 (1922); *see* Const. art. 4, § 6 (amendment 28). However, when such an appeal is taken, the superior court is vested with jurisdiction to proceed with the case as if it had been commenced originally in that court.

In *Getman,* it is held at page 267 that if the superior court

finds that the complaint filed in the justice's court fails to state facts sufficient to constitute a crime, it has jurisdiction either to discharge the defendant, allow the complaint to be amended by the filing of a new complaint, or direct that an information be filed against him charging him with that offense which it appears to the court he has committed.

(Citations omitted.) *Getman,* in turn, cites with approval the holding in *State v. Bringgold,* 40 Wash. 12, 16–17, 82 P. 132 (1905) that:

It is said that the superior court's jurisdiction was appellate only, and when it was determined that the justice's judgment was erroneous because entered on an insufficient complaint, the superior court was without authority to proceed further with the case, and should have dismissed it or remanded it to the justice's court for further proceedings. Such, however, is not the rule. An appeal of a criminal case, from a justice of the peace to the superior court, vests the superior court with jurisdiction to proceed in the case as if it had been originally commenced in that court. It tries the case *de novo,* and pronounces such judgment as it deems the case warrants. If it finds that the complaint filed in the justice's court fails to state facts sufficient to constitute a crime, it has jurisdiction *either* to discharge the defendant [ *or*] allow the complaint to be amended by the filing of a new complaint, *or* direct that an information be filed against him charging him with that offense which it appears to the court he has committed. In either event the cause proceeds as if originally commenced in the superior court.

(Italics ours.)

In *State v. LaPierre,* 71 Wn.2d 385, 386, 428 P.2d 579 (1967), the defendant appealed from a municipal court conviction on a charge of shoplifting. She first contended that she had been denied her constitutional right to a jury trial in municipal court. Her contention was disposed of with the holding that:

This contention could have been raised by petition for a writ of review, but the appellant chose to appeal instead and was given a jury trial at the superior court level.

Consequently, she waived any objections to the procedure in the municipal court.

(Citation omitted.) As above noted, petitioners here preserved their right to certiorari review of the municipal judge's denial of their motion to dismiss.

The City has offered no explanation for the insufficiency of its municipal court complaints nor for its failure to move to amend. Nor does the record reveal the municipal court judge's reason for denying petitioners' challenge to the sufficiency of the complaints. Obviously, an appeal which would permit the superior court to allow the complaints to be amended will not afford petitioners an "adequate" remedy at law.

The municipal judge erred in denying the initial motion to dismiss the complaints for failure to specify the place where the alleged offenses occurred. The superior court judge erred in dismissing the writ of certiorari.

The charges against petitioners are dismissed and a wasteful squandering of judicial time and effort is at an end.

DORE and RINGOLD, JJ., concur.

