[No. 6450–1.   Division One.   June 18, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN J. MANDEL, *Appellant.*

*Collins & Hansen, Nels A. Hansen,* and *Tom G. Cordell,* for appellant.

*David F. Thiele, Prosecuting Attorney,* for respondent.

JAMES, J.—Steven J. Mandel was convicted in district court of driving while under the influence of intoxicating liquor and leaving the scene of an accident involving an injury. On appeal, he contends that the charges against him should have been dismissed because he was not brought to trial within 60 days of the date of his arrest. He also contends that he was improperly required to elect between a writ of review and a trial de novo in superior court. We affirm in part and reverse in part.

Mandel was arrested and jailed on August 14, 1977. On the following day, he was released from jail on his personal recognizance. At the time of his release, Mandel signed a Uniform Complaint/Citation, promising to appear in district court on August 22, 1977. No appearance was made on that date. On August 29, 1977, Mandel's written notice of appearance and plea of not guilty were received and filed in district court.

The case was set for trial on October 19, 1977, 51 days from the date the notice of appearance was filed and 66 days from the date of arrest. Prior to trial, Mandel filed a motion to dismiss. He contended that the 60–day time limit for trial fixed by JCrR 3.08 had expired. The motion was denied. Mandel submitted the matter for trial on the record and was convicted of both charges.

Mandel then filed a "Petition for Writ of Review and Trial de Novo," requesting a review of the district court judge's denial of his motion to dismiss and "if necessary, thereafter [a] review [of] the factual determinations made by the trial court by means of a trial de novo." The trial judge required Mandel to elect between a writ of review and a trial de novo. Mandel chose review by writ and his

petition for a trial de novo was denied. On review, the trial judge affirmed both the district court judge's denial of Mandel's motion to dismiss and the "judgment of conviction."

We affirm the denial of the motion to dismiss but remand for a de novo trial on the merits.

The trial judge was persuaded that the 60–day time limit imposed by JCrR 3.08 required that Mandel be brought to trial within 60 days of his arrest. He concluded, however, that Mandel's "[u]navailability and/or absence" from August 22 to August 29 required the exclusion of 7 days in computing the lapse of time until the date of trial. We affirm the result but do not adopt the trial judge's rationale.

█ JCrR 3.08 provides in part:

> If the defendant is not brought to trial within 60 days from the *date of appearance*, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

(Italics ours.) "Date of appearance" is not defined in the rules. But, when read as a whole, it is readily apparent that the Justice Court Traffic Rules contemplate that an "appearance" occurs at a time *after* an accused is arrested or is cited without arrest. *See, e.g.*, JTR 2.01(b)(4) and (5); JTR 2.02(b)(3) and (c); JTR 2.03(b), (g) and (i); and JTR 2.05. Black's Law Dictionary 125 (4th rev. ed. 1968) defines "appearance" as "[a] coming into court as party to a suit, whether as plaintiff or defendant."

We hold that the "appearance" contemplated by JCrR 3.08 requires a formal acknowledgment by an accused that he is subject to the jurisdiction of the court named in the complaint or citation. Such formal acknowledgment may be evinced by an appearance in person or by counsel in a manner acceptable to the court. The "date of appearance" refers to the date of that event.

The "promise to appear in court" which Mandel signed when he was released on his personal recognizance was authorized by JTR 2.02(b)(3). After Mandel failed to appear on August 22, 1977, as promised, his attorney filed a "notice of appearance" on August 29. That appearance was acknowledged by the clerk of the court and Mandel's attorney was notified that the case would be tried on October 19.

Mandel's contention that the rules required that he be tried within 60 days of his arrest is not well taken. Fifty-one days elapsed between the "date of appearance" and the trial date. Mandel's trial was timely.

Mandel also contends that the trial judge improperly required him to elect between a writ of review and a trial de novo. We agree.

The Washington Constitution guarantees all criminal defendants the right to appeal. Const. art. 1, § 22 (amendment 10); *State v. Schoel,* 54 Wn.2d 388, 431 P.2d 481 (1959). Defendants tried in district court can appeal by way of a trial de novo in superior court. *See, e.g., State v. Buckman,* 51 Wn.2d 827, 322 P.2d 881 (1958). They also have a right to seek a writ of review in superior court for procedural errors in district court. *See, e.g., State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978).

In *State v. Mack,* the Washington Supreme Court decided that review by writ was the appropriate vehicle for review of a denial of a defendant's motion to dismiss for violation of JCrR 3.08:

> The first issue before us concerns the remedy by which appellants may seek relief from the original interlocutory orders denying their motions to dismiss. Respondents argue that relief by writ of prohibition is improper because appellants could have sought relief by appeal to the Superior Court. It is said that a trial de novo in Superior Court would afford appellants a plain, speedy and adequate remedy which precludes relief by extraordinary writ. This argument begs the question. A trial de novo would subject appellants to the very trial they seek to avoid. Further, a trial de novo would reach the merits of the misdemeanor charges, but not the propriety of the

interlocutory orders. *See State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961). Consequently, appellants properly raised the dismissal issue by means of an extraordinary writ.

*State v. Mack, supra* at 790–91. Consistent with earlier cases, *Mack* assumed that procedural errors in district court were not reviewable in a trial de novo.

Later the same year, the Supreme Court decided *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978). Like *Mack, Houser* involved speedy trial rights under JCrR 3.08. The court again held that review by writ was appropriate. However, in a footnote, the court added that JCrR 3.08 rights could also be asserted at a trial de novo.

> A careful reading of the majority opinion makes it abundantly clear that under the facts of this case "extraordinary relief is *proper* to review the denial of a motion to dismiss for violation of JCrR 3.08." (Italics ours.) We do not hold or imply that such relief is the *exclusive* remedy or that if a defendant might desire to proceed by way of appeal and trial de novo he would be precluded from so doing. Also, we do not suggest that what we have deemed *a proper* remedy herein, somehow may become an *exclusive* remedy that could undermine one's right to seek post–conviction relief in the right setting. In short, we recognize that a defendant has an alternative and *may* employ extraordinary relief if other means fail to or do not adequately protect those rights afforded by JCrR 3.08. Our holding is entirely consistent with our earlier unanimous opinion in *State v. Mack, supra.*

*State ex rel. Moore v. Houser, supra* at 274 n.2.

None of these cases holds that a defendant must elect between a writ of review and a trial de novo, and we decline to so conclude. To require Mandel to assert his speedy trial rights at a trial de novo would subject him to the very trial he seeks to avoid. *State v. Mack, supra.* Accordingly, we hold that Mandel was entitled to a review of his claim that the charges against him should have been dismissed because he was not brought to trial within 60 days without waiving his right to a trial de novo on the merits of the

charges against him. *Accord, Petersen v. Seattle,* 21 Wn. App. 108, 583 P.2d 1259 (1978).

The denial of the motion to dismiss is affirmed. The case is remanded for a trial de novo on the merits.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied August 16, 1979.

Review denied by Supreme Court November 9, 1979.