[No. 6686–1.   Division One.   August 27, 1979.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Schillberg, Appellant,* v. EVERETT DISTRICT COURT, ET AL, *Respondents.*

---

*Russell B. Juckett, Prosecuting Attorney,* and *Seth R. Dawson, Deputy,* for appellant.

*Gerald R. Gates,* for respondents.

CALLOW, C.J.—The State appeals from a denial of certiorari by the Snohomish County Superior Court.

On February 8, 1978, Vernita Migchelbrink was involved in a 2–car accident. She was not arrested or personally issued a citation, but subsequently was sent a citation bearing an issuance date of February 8 and notifying her that she was believed to have been driving while under the influence of liquor and/or drugs. The citation did not specify if or when she was to appear in court. A letter from the Everett District Court was sent on February 14 to the defendant advising her that she was to appear before the court on February 24. The defendant's lawyer appeared on that date and obtained a continuance of the arraignment until March 2, at which time the defendant's lawyer appeared and moved to dismiss the charge on the ground

that the defendant's originally scheduled first appearance date was more than 15 days from the date of the issuance of the citation, contrary to JTR 2.01(b)(4). A docket entry dated April 3, 1978, indicates that the court dismissed the charge on this ground.

On April 10 the State applied for and obtained the issuance of a writ of certiorari from the Snohomish County Superior Court to review the district court's order of dismissal. Following a hearing on the writ, the court denied the writ on May 19, 1978. The State appeals.

The defendant does not take issue with the State's arguments that the time requirement of JTR 2.01(b)(4) is neither jurisdictional nor intended to operate as a statute of limitation. She does not challenge the omission of any appearance date from the citation issued to her. The issues raised are as follows:

1. Does JTR 2.01(b)(4) apply when a defendant is notified through the mail of her court appearance date?

2. Does JTR 2.01(b)(4) create a right to a speedy first appearance or does it impose a duty upon a defendant to appear within 15 days of the date of the citation?

3. Did the defendant waive the protection afforded her under JTR 2.01(b)(4) by asking for and obtaining a continuance of the date of her preliminary appearance?

4. What is the appropriate sanction for a violation of the time requirement of JTR 2.01(b)(4)?

*Does JTR 2.01(b)(4) apply when a defendant is notified through the mail of her court appearance date?*

The traffic rules for justice court require that all traffic violations be prosecuted by complaint in the form set forth in JTR 2.01(a). JTR 2.02(a). This form, of which four copies are required, is known as the "Complaint/Citation Docket Form." JTR 2.01(a). The original of the form serves as a report to the state licensing authority; one copy is the citation, which may be used to notify the accused of the action, and the other two copies serve, respectively, as the

complaint docket and as the police record. JTR 2.01(a)(1–4). Included within the information required to be entered on the form is the following:

(4) In all cases where the person is not arrested, the time and place at which the person cited is to appear in court or the traffic violations bureau need not be to a time certain but may be within 72 hours or within a greater period of time not to exceed 15 days after the date of the citation.

JTR 2.01(b)(4).

■ The defendant was not informed of her appearance date by means of the citation, but the court did send to her a separate notice of the time that she was to appear. This was proper as JTR 2.02(c) specifies that one of the means of obtaining jurisdiction of a person not arrested but already charged is to notify the defendant by mail "of the charge, of the existence of a complaint, the date and time or interval of time in which the defendant is to appear, the place to appear, whether the charge is mandatory or forfeitable and if forfeitable, the amount of bail which may be required." Jurisdiction attaches over the person when bail is posted or personal recognizance is obtained. JTR 2.02(c). The combination of the citation and appearance letter fulfilled the informative function. Although JTR 2.02(c) does not explicitly limit the time allowed in which to afford the defendant an appearance, the time is implicitly limited by the fact that a charge has been made by a complaint wherein it is required that there be established for the person not arrested a date of appearance not to exceed 15 days after the date of the citation. JTR 2.01(b)(4). The defendant was not arrested but was cited. JTR 2.01(b)(4) applies when a defendant is notified by mail of the time to appear in court and the appearance date must be within 15 days of the citation date.

*Does JTR 2.01(b)(4) create a right to a speedy first appearance or does it impose a duty upon a defendant to appear within 15 days of the date of the citation?*

■ The State argues that its failure to afford the defendant an appearance within 15 days of the date of citation is immaterial because JTR 2.01(b)(4) creates no right to a timely appearance. We do not agree. JTR 2.01(b)(4) speaks to the clerk's offices of the justice courts directing their acts and mandating the setting of an appearance date within 15 days of the date of the issuance of a citation. JTR 2.01(b)(4) does not permit the authorities to inform the defendant that he or she must appear at some time within 15 days of the citation date, without more. The rule further expressly states that the information specified by JTR 2.01(b)(4), which includes the appearance date, "shall be entered." This gives the cited defendant who has not been arrested a right not bestowed when there is an arrest. This fits the scheme which allows an arrested defendant to secure a prompt arraignment before a judge by refusing to sign the citation or by failing to deposit bail or secure release on personal recognizance. JTR 2.02(b)(2), 2.03(b). The cited defendant who is not arrested has the right to be informed that he or she is to appear at a time or within a time not to exceed 15 days after the date of the citation.

*Did the defendant waive the protection afforded her by JTR 2.01(b)(4) by asking for and obtaining a continuance of the date for her appearance?*

The State, relying upon dicta in *State v. Thompson,* 38 Wn.2d 774, 782, 232 P.2d 87 (1951), to the effect that "[i]t would seem that appellant is not entitled to blow both hot and cold . . .", argues that the defendant should not be heard to complain of the violation of JTR 2.01(b)(4) because of her actions in obtaining a continuance. However, JTR 3.01(f) states that "[a]n objection to the validity or regularity of the complaint or process issued thereunder shall be made, orally or in writing, by the defendant before trial." The defendant's right was violated before the continuance was sought and her subsequent actions, while perhaps demonstrating that she was not prejudiced by the

delay, do not make that violation any less improper. She did not waive her right under JTR 2.01(b)(4).

*What is the appropriate sanction for a violation of the time requirement of JTR 2.01(b)(4)?*

The Justice Court Traffic Rules do not indicate what result should follow when the time requirement of JTR 2.01(b)(4) is not met due to no fault of the defendant. The purpose of the rules is to secure the "just, speedy, and inexpensive determination of every action." JTR 1.02. In furtherance of that purpose, the sanction adopted by both the justice court and the Superior Court was to require a dismissal with prejudice. This adds certainty to traffic proceedings and expedites the processing of cases. However, we must inquire further since we do not find in the Justice Court Traffic Rules a provision for automatic dismissal as is found in the speedy trial provisions of JCrR 3.08 and CrR 3.3(i).

We hold that the sanction which would best effectuate and balance the State's and the defendant's interests in speedy, economical dispositions of traffic cases is a requirement that the date by which the trial of a traffic case must be held under the justice court speedy trial rule must be computed from the date when the defendant *should* have been afforded an appearance pursuant to JTR 2.01(b)(4). *Cf. State v. Striker,* 87 Wn.2d 870, 875, 557 P.2d 847 (1976) ("[W]here, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed."). The Justice Court Traffic Rules provide that the Justice Court Criminal Rules shall govern the proceedings in traffic cases subsequent to the preliminary proceeding insofar as they are not inconsistent with the traffic rules. JTR 3.03. JCrR 3.08 states in part as follows:

> If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall

order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

However, dismissal of a traffic complaint because of a mistake in the clerk's office of a justice court, which did not materially prejudice a defendant, would be an unduly technical construction of JTR 2.01(b)(4). We hold that where a defendant is not cited to appear until a time greater than 15 days after the date of the citation, the citation should not be dismissed but the defendant must be brought to trial within 60 days of the date when he or she *should* have appeared in court or before the traffic violations bureau pursuant to JTR 2.01(b)(4).

The judgment of dismissal is reversed and the cause remanded for trial.

FARRIS and RINGOLD, JJ., concur.