[No. 3526–2.   Division Two.   September 12, 1979.]

COLLEEN M. ABERNATHY, *Appellant,* v. THE STATE
OF WASHINGTON, *Respondent.*

*Steven M. Clem,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *W. Dale Kamerrer, Deputy,* for respondent.

PEARSON, C.J.—Colleen M. Abernathy appeals from a Thurston County Superior Court order which denied relief on certiorari from a speedy trial ruling in district court.

JCrR 3.08 requires that a district court prosecution be dismissed if not brought to trial within 60 days of a defendant's "appearance." The only issue in this appeal is when defendant "appeared" for purposes of that rule. We reverse, for the reasons stated below.

The facts are agreed.

1. On October 15, 1977, defendant was arrested for driving under the influence of alcohol. The arresting officer gave her a uniform citation form and she was released after signing an agreement to appear at the Thurston County District Court within 7 days.

2. October 19, defendant appeared at the district court clerk's office and was granted an "administrative personal recognizance" by a court employee, pursuant to JTR 2.03(g).[1]

3. October 26, the clerk's office set defendant's arraignment for November 14, 1977.

4. November 2, counsel for defendant entered an appearance by telephone.

5. November 8, counsel filed a written notice of appearance, plea of not guilty, and demand for jury trial.

6. November 29, trial was scheduled for December 27, 1977.

7. December 15, counsel waived the jury demand at a pretrial hearing.

8. December 21, the parties argued a motion to dismiss on speedy trial grounds to the district court. The judge denied the motion. Defense counsel agreed to a reading of the record, and the trial date was stricken.

9. January 11, 1978, defendant was found guilty and sentenced. She immediately obtained a writ of certiorari from Superior Court to review the district court's refusal to deny the motion to dismiss.

The Superior Court ruled that the first "appearance" in district court occurred on November 8, 1977—the date when defendant's attorney entered a written appearance and plea. Defendant argues that her first "appearance" was

---

[1]JTR 2.03(g) provides as follows:

"If a person appears on any traffic offense at the time or within the time interval designated on the ticket or notice, and requests a trial, or if appearance is mandatory, the clerks of the court or Violations Bureau shall set the matter for arraignment or trial and grant personal recognizance unless the person is not a resident of the county, has insufficient local contacts or good cause for refusal is shown."

on October 19, 1977, when she physically appeared at the clerk's office and was granted an administrative release on personal recognizance. We agree.

■ The justice court rules contain no definition for the word "appearance" in JCrR 3.08. Recently, in *State v. Mandel*, 23 Wn. App. 562, 564, 597 P.2d 443 (1979), Division One of this court undertook to define the term as the defendant's formal acknowledgment, either in person or by counsel in an acceptable manner, that he is subject to the jurisdiction of the court named in the complaint or citation. We subscribe to this definition.

In *Mandel*, the defendant was arrested for driving under the influence of liquor (DWI) and leaving an accident scene. On the next day, August 15, 1977, he was released from jail on personal recognizance and signed a uniform complaint/citation form, promising to appear in district court on a date certain. *See* JTR 2.02(b); 2.03(b), (i). His "appearance" did not occur when he was released on August 15; rather, it was held to have occurred on August 29, 1977, when his attorney filed a written "notice of appearance and plea of not guilty" in the district court.

*State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978), reached a different conclusion on similar facts. The defendant was also arrested and booked for DWI, on September 28, 1975. On the next day he, like Mr. Mandel, was issued a citation and released on his personal recognizance, apparently without appearing before a judge.[2] Nothing happened in the case until November 25, 1975, when the defendant was arraigned and entered a plea of not

---

[2]Although *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 271, 588 P.2d 219 (1978), states that "a municipal court citation was issued, bail was set at $250, and petitioner was released on his personal recognizance," that procedure is consistent with JTR 2.02(b)(3) and 2.03(b), (i), which authorize the arresting officer to take the arrestee to the jail, where the jailer can consult the bail schedule in JTR 2.03(k), (l), (m) and either release the person upon posting of the proper bail or release him on his own recognizance. The arrestee must sign a promise to appear in court or at the violations bureau. JTR 2.02(b)(3); 2.03(e), (i). All of this is designed to occur without the necessity for an appearance in a courtroom. A person charged with DWI or certain other offenses who is released in the manner

guilty, obtaining a trial date of December 12. The Supreme Court held, in essence, that the defendant made his "appearance" for purposes of JCrR 3.08 on September 29, the date the citation was issued and he was released, and not in November when he was arraigned.

It is difficult to reconcile the differing conclusions in *Mandel* and *Houser* as to whether one's release from jail on personal recognizance and receipt of a court citation constitutes an "appearance" and triggers the speedy trial requirement of JCrR 3.08. The justice court criminal and traffic rules do not require that a person who has been arrested for a traffic offense such as DWI, and released on his own recognizance, be arraigned within a particular time. Nevertheless, we surmise that in *Houser,* the Supreme court was motivated by an understandable desire not to condone a delay of nearly 2 months between the defendant's release on September 29 and his arraignment on November 25. Although the *Houser* opinion does not disclose the reason for that delay, it may have been seen as violating the spirit of *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976), and *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978), *i.e.,* that if a preliminary appearance does not occur promptly after the charges are filed, the time period provided for a speedy trial in superior court by CrR 3.3(b) will be deemed to begin when the charges were filed.[3]

---

described must, however, make a subsequent court appearance in the usual case for final disposition of the charge. JTR 2.03(k).

[3]Effective November 17, 1978, CrR 3.3(b) was amended to comport with the *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976), and *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978), holdings:

"(1) The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

"(2) A defendant unable to obtain pretrial release from custody shall be brought to trial within 60 days of the applicable event set forth in subsection (b)(1).

Applying either *Houser* or *Mandel,* there was a violation of JCrR 3.08 in this case. Under *Houser,* Ms. Abernathy's "appearance," triggering the 60 days within which she should have been brought to trial, would be deemed to have taken place on October 15, 1977, when she was issued a uniform complaint and citation and released on her personal recognizance. Under *Mandel,* her appearance in person at the clerk's office was definitely an "appearance." She was before an administrative official of the court who had discretion to grant a continued release on personal recognizance or to refuse the same and cause her to be put in jail. Having made that appearance, she was sent an arraignment date. Like the court in *Mandel,* we believe JCrR 3.08 contemplates a form of appearance in the district court. For example, it can be an acceptable notice of appearance by counsel, as in *Mandel;* it can be an arraignment in court; or it can be, as in this case, a personal visit to the court office pursuant to her promise to appear, to obtain an administrative release and trigger the scheduling of an arraignment. Like the courts in *Mandel* and *Houser,* we do not read in the rule a requirement that the "appearance" be only before a judge or through a notice filed by counsel.

To hold that an appearance for purposes of JCrR 3.08 can only be before a judge or through a notice of appearance would be to open up possibilities for the kind of administrative inertia that can result in violations of the right to speedy trial. Many district court traffic defendants are not arraigned prior to trial; one simply signs a promise to appear, which can be done in the presence of the arresting officer or as a condition to release from jail. JTR 2.02(b); 2.03(b). When a defendant later appears at the court office, if he wishes to contest the charge or if a court appearance is mandatory for the offense, JTR 2.03(k), he may qualify for an administrative release on personal recognizance until the trial, as did Ms. Abernathy. If such

---

"(3) A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1)."

an appearance at the court's office or violations bureau did not qualify as an "appearance" under JCrR 3.08, and if the defendant had no attorney to file a notice of appearance, there would be no event after the arrest and prior to the trial to trigger the speedy trial mandate of the rule. The matter could be delayed or overlooked without a date from which to measure the 60 days for bringing the defendant to trial, and there would be no basis on which to hold the court and the prosecution accountable for the delay. Similarly, in those cases in which a formal arraignment is necessary, the arraignment date, and consequently the trial, might be delayed indefinitely without penalty if an early appearance in the court office did not constitute an "appearance."

A failure to afford a speedy trial due to administrative delay should not be allowed to occur. *See State v. Striker, supra.* The likelihood of such an occurrence is diminished by our holding that Colleen Abernathy "appeared" in district court for purposes of JCrR 3.08 when she went to the clerk's office and obtained an administrative release on personal recognizance. That took place on October 19, 1977. As the trial had not been held on December 21, 1977—63 days after her appearance—the court should have granted her motion to dismiss at that time.

The judgment of the trial court is reversed, and the prosecution is dismissed.

PETRIE, J., and JOHNSON, J. Pro Tem., concur.

Reconsideration denied October 4, 1979.