[No. 3574–3–III.   Division Three.   December 30, 1980.]

THE STATE OF WASHINGTON, *on the Relation of Karl P. Michalovskis, Appellant,* v. DOLORES JANE COOPER, *Respondent.*

72

*Faye Bancroft,* for appellant.

*Ronald R. Carpenter, Prosecuting Attorney,* and *Timothy Esser, Deputy,* for respondent.

ROE, J.—This is yet another appeal—with the attendant cost of attorney's fees, trial and appellate court judicial time and needless trial delay—where the sole issue is when does the speedy trial time frame begin to run on a misdemeanor traffic offense? It arises because the court rule does not define what is meant by "date of appearance."

The facts of this case are:

1. April 7, 1979, defendant Michalovskis was arrested and cited for driving while intoxicated.

2. April 7. He was released by the police on his personal recognizance after promising in writing to contact the court within 7 days, which would be on April 14.[1]

---

[1] JTR 2.01(b)(5) reads: "A space for the person cited to sign a promise to appear; . . ."

3. April 10. The citation was filed with the court.

4. April 11. The court notified defendant by a written notice of the setting of his arraignment for May 9, thus making it unnecessary for the defendant to contact the court by April 14 (Item 2, above).

5. May 7. Defendant contacted the court by telephone stating his intention to plead guilty on May 9.

6. May 9. Apparently in response to the previous letter of April 11, defendant physically appeared in court and counsel was appointed for him, but he was not arraigned.

7. May 10. Arraignment was set for May 23.

8. May 23. Defendant requested a continuance of arraignment to May 30.[2] Trial was set for June 21.

9. May 30. Defendant entered a plea of not guilty.

10. June 20, 74 days after his arrest, defendant moved to dismiss for lack of speedy trial and for a continuance of his trial to July 6. At no time had defendant waived the 60-day rule.

The issue is whether Mr. Michalovskis' right to a speedy trial pursuant to JCrR 3.08 was violated. In part the rule states: "If the defendant is not brought to trial within 60 days *from the date of appearance,* . . . the court shall order the complaint to be dismissed, . . ." (Italics ours.) The critical question is what was defendant's "date of appearance"?

In *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978), in discussing whether good cause existed for setting defendant's trial more than 60 days after the appearance in courts of limited jurisdiction, the court stated at page 792:

> The very purpose of redrafting the rules of criminal procedure was to reform, modernize and *integrate* the criminal procedure rules of *all* courts.

---

[2]Although defendant requested a continuance of 7 days to be arraigned, the date of trial was set at the date noted for the original arraignment, which arraignment was postponed 7 days at defendant's request.

On page 793:

> Since both CrR 3.3 [speedy trial rule for superior court] and JCrR 3.08 are intended to *protect* the same constitutional guaranty, and in keeping with the harmonizing purpose of our recent amendment of the criminal rules, we hold JCrR 3.08 is to be interpreted consistently with its superior court counterpart, CrR 3.3.

In *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979), in interpreting CrR 3.3, the court dismissed an action because the defendant had not been timely tried following the defendant's arrest. Under that rule the time began 10 days after the arrest. This clearly contemplates that a court may not postpone an arraignment or an appearance, as was done in this case, for a month or 2 or 3 months after arrest and avoid the purpose of the rule which is to discourage prosecutorial delay. The philosophy of not extending the time beyond 10 days following the arrest was reasserted in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980), where the court simply ruled out language which made such time applicable only in the event a preliminary hearing was not held.

We hold that the defendant's date of appearance may have occurred when he was released on his personal recognizance after promising in writing to contact the court within 7 days. This would be 76 days prior to the trial date. If that promise was not an appearance, then he did appear at least by April 12 when he presumably received the court–mailed notice setting an arraignment date approximately 1 month later, or on May 9. If April 12 be considered the appearance date, then trial was set for 71 days later, or 11 days beyond the permitted time. This mail was apparently received because the defendant responded to it. Had there been a showing it was misaddressed or not received, a different question might arise. Were we to hold otherwise, this would permit the court to set the trial date 1 month, 2 months, or 3 months after the date of arrest and the promise in writing to contact the court within 7 days. No doubt the defendant did not contact the court within 7

days of the arrest because it would serve no purpose since he had been notified of an arraignment date set for approximately 1 month later. Thus, he was not tried within the 60 days provided for in the rule, and the judgment must be reversed and the case dismissed.

In reaching this conclusion we are supported by *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978). The facts there were:

1. September 28. Defendant was arrested and booked.

2. September 29. Citation issued; defendant was released on personal recognizance.

3. November 25. Arraigned.

4. December 12. Previously set trial date, 74 days from arrest, 73 days from release.

The court stated at page 271, "Although more than 60 days had elapsed since his first appearance, petitioner did not move for dismissal of the case as authorized by JCrR 3.08." That language literally means that the appearance more than 60 days prior to December 12 must have been either September 28 or 29.

One aspect of this rule to be noticed is that the court has eliminated the 10–day period after arrest which is applicable to superior court (CrR 3.3) because JCrR 3.08 does not contain such a provision. The extra 10 days granted in the superior court cases is not in disharmony with the need for speedy trial in misdemeanor cases.

In reaching this conclusion we are mindful of *State v. Mandel,* 23 Wn. App. 562, 597 P.2d 443, *review denied,* 92 Wn.2d 1035 (1979), where Division One of our court held an appearance, as contemplated by JCrR 3.08, requires a formal acknowledgment by an accused that he is subject to the jurisdiction of the court named in the citation. Such formal acknowledgment may be evinced by an appearance in person or in a manner acceptable to the court. Although noting the promise to appear in court that Mandel signed was authorized by the rule, the court nevertheless held that his appearance was through a written notice of appearance, and hence refused to dismiss.

In *Abernathy v. State,* 24 Wn. App. 179, 600 P.2d 640 (1979), Division Two of this court referred to *Mandel, supra.* Abernathy, the defendant, was arrested on October 15 and she signed an agreement to appear in 7 days. She did appear on October 19, or 4 days later. *Abernathy* held that that was the appearance which commenced the running of the 60 days and dismissed the action, even though noting that *State ex rel. Moore v. Houser, supra,* reached a different conclusion on similar facts.

We note the last sentence of JTR 2.02(c):

> Upon posting bail or upon obtaining personal recognizance, the court shall obtain jurisdiction of the person of the defendant in a like manner as if the summons had been served on the defendant or warrant executed.

It may be impossible to harmonize all the cases. We must await a positive, definitive statement by the Supreme Court on what constitutes a date of appearance. Meanwhile, we must construe the rule as definitively as we can. The result here is in harmony with *State v. Carpenter,* 94 Wn.2d 690, 619 P.2d 697 (1980).

Judgment is reversed.

McINTURFF, A.C.J., and MUNSON, J., concur.