[No. 48310-8. En Banc. August 12, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. LOUISE M. OGDEN, *Appellant.*

*Gerald R. Gates,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Peter L. Nault, Deputy,* for respondent.

UTTER, J.—What is the "date of appearance" for purposes of the trial–within–60–days provision of JCrR 3.08? We hold that when a person receives a citation and notice to appear pursuant to JCrR 2.01(b), the date of appearance is the date when that person appears before the court. If a citation and notice to appear fails to provide the individual a "date of appearance" within 15 days from citation, as required by JCrR 2.01(b)(2)(iv), the trial–within–60–days provision of JCrR 3.08 will run from the expiration of that 15–day period, thus creating a fixed requirement that trial must begin no later than 75 days from the date of citation.[1]

The appellant, Louise M. Ogden, was arrested for the misdemeanor offense of driving while under the influence of intoxicants on the night of May 15, 1981. On May 16, 1981, Ogden was processed and issued a citation and notice to appear pursuant to JCrR 2.01(b). After signing her name on the citation and promising to appear for arraignment on June 1, 1981, Ogden was released on her own recognizance. JCrR 2.01(b)(2).

On June 1, 1981, Ogden filed a notice of appearance, a motion and request for bill of particulars and a motion and affidavit to correct venue. On the same date, the Evergreen District Court signed an order correcting venue to the Everett District Court. The matter was transferred and a jury trial was requested by Ogden. The trial was set for

---

[1]If an individual fails to appear within the time provided by the citation and notice to appear, he or she is subject to the provision of JCrR 2.08.

July 20, 1981, but on July 14, 1981, Ogden filed a motion to dismiss for failure to bring her "to trial within 60 days from the date of appearance". JCrR 3.08. On July 20, 1981, the Everett District Court dismissed the case for violation of JCrR 3.08, and the matter was appealed to the Superior Court by the respondent Snohomish County Prosecuting Attorney.

On October 12, 1981, the Superior Court reversed the district court, concluding the "date of appearance" was June 1, 1981, the date upon which Ogden filed her notice of appearance. The July 20, 1981, trial date was thus "within" 60 days from the date of appearance. This appeal followed.

Four cases frame our analysis. *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978); *State v. Mandel,* 23 Wn. App. 562, 597 P.2d 443 (1979); *Abernathy v. State,* 24 Wn. App. 179, 600 P.2d 640 (1979); *State ex rel. Michalovskis v. Cooper,* 28 Wn. App. 71, 621 P.2d 795 (1980).

In *Houser,* the defendant was arrested on September 28, 1975, and booked on a charge of driving while under the influence (DWI). On September 29, a municipal court citation was issued, bail was set and he was released on his own recognizance. Houser appeared and was arraigned on November 25, 57 days after his citation, and trial was set for December 12, 74 days after his citation. The *Houser* case is further complicated in that the City obtained a continuance on December 12, over Houser's objection, for another 63 days, or until February 13, 1976. We stated the trial date was "137 days after petitioner's first appearance", 91 Wn.2d at 271, thus treating the "date of appearance" as the date when the citation was issued, September 29, 1975.

In *Mandel,* defendant was arrested for DWI on August 14, 1977. On August 15, 1977, Mandel was issued a citation and released after promising to appear on August 22. He did not appear, but filed a notice of appearance on August 29, 1977. Trial was set for October 19, 1977, 51 days after his notice of appearance and 65 days after his citation. The Court of Appeals (Division One) held that the "date of

appearance" was when Mandel filed a notice of appearance and not the date when he promised to appear. The court held generally:

> the "appearance" contemplated by JCrR 3.08 requires a formal acknowledgment by an accused that he is subject to the jurisdiction of the court named in the complaint or citation.

23 Wn. App. at 564.

In *Abernathy,* the defendant was arrested for DWI on October 15, 1977, was issued a citation and signed a promise to appear within 7 days and was then released. On October 19, the defendant appeared at the district court clerk's office and was granted "administrative personal recognizance" by a court employee. On October 26, the clerk's office set arraignment for November 14, 1977. Thereafter, defendant's counsel entered an appearance by phone on November 2 and by written notice of appearance on November 8. Trial was then set for December 27. The prosecution argued the "date of appearance" was November 8 (49 days before trial); the defendant argued the "date of appearance" was October 19 (69 days before trial). The Court of Appeals (Division Two) agreed with the defendant. While the court understood the case should have been dismissed under the "date of appearance" reasoning of both *Houser* (73 days) and *Mandel* (69 days), it did state it believed "JCrR 3.08 contemplates a form of appearance in the district court", including a notice of appearance (as in *Mandel*), an arraignment in court, or a personal visit to the court office pursuant to the promise to appear. 24 Wn. App. at 183.

Finally, in *Cooper,* the defendant was arrested and cited for DWI on April 7, 1977. On the same day, he signed a promise to appear in court within 7 days and was released. On April 10, the citation was filed in court. On April 11, the court notified the defendant by written notice setting arraignment for May 9. On May 7, the defendant telephoned the court and stated his intention to plead guilty. On May 9, the defendant appeared and was provided coun-

sel but was not arraigned. Arraignment was set for May 23. Trial was set for June 21. The Court of Appeals (Division Three) held in the alternative. It held first the "date of appearance may have occurred" on April 7 (75 days prior to trial), the date upon which he signed a promise to appear. This was consistent with *Houser*. The court continued that "at least" the defendant appeared on April 12 (70 days prior to trial), the date upon which he received notice of the date of arraignment. Both analyses called for dismissal of the case.

We must face the clear assertion in *Houser* that the "date of appearance" is the date the defendant signs the citation and promise to appear and the conflicting implication in *Mandel, Abernathy,* and *Cooper* that the "date of appearance" is the date upon which the defendant actually comes into contact with the district court (not necessarily with a judge).

Our analysis in *Houser,* though reaching the correct result, identified the "date of appearance" as the date of citation premised upon the nature of the Justice Court Criminal Rules in effect at the time of Houser's offense. While we indicated in *Houser* the "date of appearance" was the date of citation, the court was offended primarily by the trial court's abuse of the speedy trial rule in failing to require the defendant to appear before it until 57 days after arrest. The purposes of the speedy trial rule would be circumvented if the defendant's first appearance could be delayed for a considerable time, thus suspending invocation of the 60–day provision. In *Houser,* we set the "date of appearance" as the date of citation to forestall just such circumvention of our rules.

Such determination was unnecessary since the rules protect against the kind of abuse with which the court was most concerned in *Houser.* JCrR 2.01(b)(2) requires the inclusion of the following in the citation and notice to appear:

> the time and place at which the person is to appear in court which need not be a time certain, but may be

within 72 hours or within a greater period of time not to exceed 15 days after the date of the citation; JCrR 2.01(b)(2)(iv). While we identified the date of citation as the date of appearance in *Houser,* the trial date of February 13, 1976, violated the speedy trial rule whether the 60 days ran from the date of citation or from 15 days after the date of citation.

As it is used in our current rules, "appearance" is not indicated by a mere citation. *See* JCrR 2.03. There are a number of ways in which an "appearance" within the 15–day period might occur, *e.g.,* by arraignment, by written notice of appearance, or by personal appearance. However it is done, the time limit for a "date of appearance" is 15 days from citation. If no appearance date is provided within the 15–day period, the 60–day speedy trial provision runs from the expiration of the 15–day period. Such an interpretation was adopted for the former Justice Court Traffic Rules (JTR 2.01(b)(4)), *State ex rel. Schillberg v. Everett District Court,* 24 Wn. App. 58, 600 P.2d 586 (1979), and is consistent with CrR 3.3 (the superior court speedy trial rule). We hereby adopt such a rule for JCrR 3.08.

Of the four cases we have discussed, only the *Cooper* decision need be disapproved based on the rule we adopt here. Our holding in *Houser* was appropriate to the rules that existed at the time of Houser's offense. The *Mandel* and *Abernathy* decisions are correct applications of the existing rule. The *Cooper* decision is incorrect in the court's determination that the "date of appearance" is the date when a defendant receives a letter from the court setting the date for arraignment. Such a rule would invite further appeals on when the date of appearance occurs. If the defendant is not provided a "date of appearance" before the court in some manner within 15 days of the citation (as was the case in *Cooper*), the 60–day provision of JCrR 3.08 runs from the expiration of that period. Cooper's trial was set exactly 60 days from the expiration of that 15–day period. Thus, his trial should not have been dismissed.

Applying the rule to our case, we uphold the Superior

Court's ruling that the July 20, 1981, trial date was within 60 days from the "date of appearance". Ogden was not provided a "date of appearance" before the expiration on May 31, 1981, of the 15-day period after citation (though she was arraigned the following day). Nonetheless, Ms. Ogden's trial was set for July 20, 1981, only 50 days after the expiration of the 15-day period, which did not violate the terms of JCrR 3.08. We affirm the Superior Court.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied October 1, 1982.