[No. 14226-7-I.   Division One.   April 15, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY
W. WERNICK, *Appellant.*

*John T. Arrabito,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for respondent.

SWANSON, J.—Jerry W. Wernick appeals his judgment and sentence on the crime of indecent liberties alleging that the trial court erroneously denied his motion to dismiss for a violation of the speedy trial rule. We affirm.

In the early afternoon of August 10, 1982, Snohomish County deputy sheriffs arrested Wernick, transported him to the Snohomish County Jail, and processed and booked him into custody. The police, however, never advised Wernick of the charges against him. Later that evening the police released Wernick after he signed a release agreement in which he promised not to have telephone or personal contact with either his wife or daughter and promised to appear at the district court on a date which was to be set by the court.

On November 15, 1982, 97 days after his arrest, Wernick was charged in Everett District Court with the crime of indecent liberties. Two days later, on the 17th, the Everett District Court granted the prosecution's motion to dismiss the cause.

On December 20, 1982, 132 days after his arrest and 35 days after being charged, Wernick stipulated to a diversion evaluation. On March 1, 1983, 71 days after entering the stipulation, and after Wernick attended four orientation, screening, and evaluation sessions, counselor Pamela Jones orally informed Wernick that he would not be eligible for diversion. She then conveyed this information to the prosecutor's office in a written memorandum, which was not made available to Wernick or his attorney.

On May 6, 1983, 66 days after Wernick was rejected from diversion, and nearly 9 months after his arrest, the prose-

cutor's office filed in Snohomish County Superior Court an information charging Wernick with the felony of indecent liberties. He was arraigned on May 20, 1983, at which time an August 9, 1983, trial date was set. Then on May 31, 1983, Wernick filed an objection to the trial date and moved for a resetting or dismissal on the basis that the August 9, 1983, trial date did not fall within the time limitations contained in the stipulation for diversion evaluation nor within the speedy trial rule, CrR 3.3.

On June 9, 1983, 100 days had passed since he received oral notification that he was unfit for diversion. On July 15, 1983, the court heard oral argument and denied Wernick's motion for resetting of the trial or dismissal of the charges.

Subsequently, Wernick entered into an agreed order continuing the trial from August 9, 1983, to September 6, 1983. After a trial to the court on stipulated facts, Wernick was found guilty and sentenced.

Wernick first contends that, because the superior court does not acquire jurisdiction until the information is filed, CrR 3.3 is inapplicable prior to that event. Thus, he maintains that JCrR 3.08 is the only applicable speedy trial rule and that it was violated.[1]

■■ Application of the speedy trial rule of the Justice Court Criminal Rules to felony cases is inappropriate for several reasons. First, district courts do not have jurisdiction over felony trials. JCrR 2.03(d)(1). Second, the Justice Court Criminal Rules cease to apply to such prosecutions once the district court dismisses the action. *State v. Kersteter*, 30 Wn. App. 84, 88, 632 P.2d 897 (1981); JAR 2. Third, application of JCrR 3.08 to this factual situation

---

[1]Under the 1983 Justice Court Criminal Rules, trial must occur no later than 60 days from the date of appearance. JCrR 3.08. The date of appearance must occur no later than 15 days following the issuance of a citation and notice to appear. *State v. Ogden*, 97 Wn.2d 731, 649 P.2d 639 (1982). Wernick argues that the release agreement amounted to a citation and notice to appear. However, because of our resolution of this case, we need not decide whether the release agreement amounted to a citation and notice to appear nor whether there was a violation of the JCrR 3.08 speedy trial rule.

would conflict with JCrR 2.03[2] which controls preliminary matters in felony cases. If the appropriate time limitation of JCrR 2.03 is violated, the case is dismissed *without* prejudice. Should misdemeanor charges be dismissed due to a violation of JCrR 3.08, however, that dismissal would "be a bar to further prosecution for the offense charged." Fourth, applying JCrR 3.08 here would make CrR 3.3(c)(2)[3] super-

---

[2]JCrR 2.03 provides in part:

"(d) **Preliminary Hearings on Felony Complaint.**

"(1) When a felony complaint is filed, the court may conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has committed a felony. If the court finds probable cause, the court shall bind the defendant over to the superior court. If the court binds the defendant over, or if the parties waive the preliminary hearing, an information shall be filed without unnecessary delay.

"(2) If at the time a complaint is filed with the district court the defendant is detained in jail or subjected to conditions of release, the time from the filing of the complaint in district court to the filing of an information in superior court shall not exceed 30 days plus any time which is the subject of a stipulation under subsection (d)(3). If at the time the complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, the time from the defendant's first appearance in district court which next follows the filing of the complaint to the time of the filing of an information in superior court shall not exceed 30 days, excluding any time which is the subject of a stipulation under subsection (d)(3). If the applicable time period specified above elapses and no information has been filed in superior court, the case shall be *dismissed without prejudice.* . . . Jurisdiction vests in the superior court at the time the information is filed." (Italics ours.)

[3]CrR 3.3(c)(2) provides in part:

"(2) *Cases Filed Initially in District Court.*

"(i) If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed. If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment, less time elapsed in district court. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court."

fluous. The latter rule governs the time constraints for arraignment of defendants in superior court where proceedings had been initiated in district court.

As our Supreme Court recognized in *Seattle v. Crockett,* 87 Wn.2d 253, 256, 551 P.2d 740 (1976),

> the procedural rules applicable to superior courts and courts of limited jurisdiction must be considered as a whole and cannot be sliced up, then construed and applied piece by piece to the resolution of issues that develop from or are related to the judicial process. . . . The rules were designed to operate in conjunction with one another and not to require meaningless and useless duplication.

*See Emwright v. King Cy.,* 96 Wn.2d 538, 543, 637 P.2d 656 (1981) (court rules should be harmonized rather than construed in a manner that renders one meaningless or superfluous). Thus, because of the effect JCrR 3.08 would have on other court rules, application of the speedy trial rule of the Justice Court Criminal Rules is inappropriate to felony charges.

When, but not until, the information was filed in superior court, CrR 3.3 became the appropriate speedy trial rule. *Kersteter,* at 88. Therefore, once the information was filed in superior court, Wernick should have been "brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court." CrR 3.3(c)(2)(i).[4]

Wernick was arraigned on May 20, 1983, the 14th day following the filing of the information in superior court (within the time limitations of CrR 3.3(c)(2)). Thus, to ensure a speedy trial occurred within the confines of CrR

---

[4]Despite our Supreme Court's expressed aversion to extended delays between the accused's arrest and first appearance before the court, *State v. Ogden,* 97 Wn.2d 731, 735, 649 P.2d 639 (1982) (discussing *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978)), it altered the triggering event of the speedy trial rule of former CrR 3.3 from "arrest" to "arraignment." Under these circumstances, one must assume the Supreme Court had considered that events similar to those arising in this case might and would arise in the future. Therefore, we hold firmly to the precise wording used in CrR 3.3(c)(2) that the speedy trial limitation period did not begin to run until "arraignment."

3.3, trial must have begun no later than August 18, 1983 (August 20 less 2 days in district court. CrR 3.3(c)(2)). Trial was set for August 9, 1983. Thus, Wernick received a speedy trial under CrR 3.3.

Wernick also contends that the 100–day speedy trial limitation of the stipulation agreement was violated. The Stipulation of Diversion Evaluation granted the State the *greater* of

(1) 100 days from the date of rejection, OR
(2) the period of time remaining after the date of rejection for bringing the defendant to trial under the applicable rules, statutes or constitutional provisions concerning rights to trial within a particular period

within which to bring Wernick to trial.

Because we find the appropriate speedy trial rule under the second option to be CrR 3.3 and because Wernick received a speedy trial under that rule, it is immaterial whether the State did or did not violate the stipulation's first option (100 days from the date of rejection).

Finally, Wernick argues that the State violated his constitutional right to a speedy trial.[5]

The State argues that (1) there is an insufficient record for us to consider this constitutional challenge; (2) Wernick waived his constitutional right to a speedy trial by having failed to assert his right until 295 days after his arrest; and (3) Wernick failed to show any prejudice by the delay.

■ One need not demand a speedy trial to reserve one's Sixth Amendment right to a speedy trial. *Barker v. Wingo,* 407 U.S. 514, 525–27, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).[6] However,

---

[5]The Sixth Amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . ." Article 1, section 22 (amendment 10) of the Washington Constitution provides in part: "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial . . ."

[6]*But see* CrR 3.3(f)(1) which provides in pertinent part:

"A party who objects to the [trial] date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice

the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right.

*Barker,* at 528.

These factors to be considered include (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Barker,* at 530; *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969).

The *Barker* opinion also delineated three forms of prejudice to the defendant: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possible impairment of the defense. This last form of prejudice is the most serious, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker,* at 532.

Wernick asserts that the delay prejudiced him in three ways; (1) he suffered the burden of public accusation; (2) he was prevented from contacting his child for more than a year; and (3) it hindered his ability to obtain timely medical evaluation and expert testimony regarding his state of mind at the time of the alleged crime.

Considering all the circumstances, the delay did not violate Wernick's constitutional speedy trial right. First, the length of time Wernick bore any burden of public accusation could have been shortened had Wernick either requested a speedy trial at an earlier date, as required by CrR 3.3(f), or given written notice to, or requested written notice from, the prosecutor's office regarding his status with respect to his having been denied diversion. Thus, the effect of this form of prejudice is minimal.

Second, Wernick similarly could have shortened the

---

is mailed or otherwise given, move that the court set a trial within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date, or on an extension of such date properly granted pursuant to this rule, is not within the time limits prescribed by this rule." *See also State v. Freeman,* 38 Wn App. 665, 668, 687 P.2d 858 (1984) (10–day waiver period of CrR 3.3 applicable to juvenile court).

period of time he was prevented from seeing his child. Also, he could have challenged the conditions of his release at an earlier date thereby allowing him to see his child sooner. *See* JCrR 2.03(c).

Third, having received notice (albeit orally from the counselor) that he was not an appropriate candidate for diversion as early as March 1, 1983, Wernick should have known that trial was imminent. Therefore, he had an adequate opportunity to obtain timely medical evaluations regarding his state of mind. This is very different from situations involving the death or unavailability of eyewitnesses owing to the delay.

In summary, this delay was outweighed by the absence of material prejudice and Wernick's delay in asserting his speedy trial right. Thus, neither his federal nor state constitutional right to a speedy trial was violated.

Accordingly, judgment is affirmed.

CORBETT, C.J., and COLEMAN, J., concur.